IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MW BUILDERS, INC., a Missouri
corporation, and GREAT
AMERICAN ALLIANCE INSURANCE
COMPANY, an Ohio corporation,

        Plaintiffs,

        v.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington corporation;
SAFECO INSURANCE COMPANY OF
OREGON, an Oregon corporation; AMERICAN
STATES INSURANCE COMPANY, an Indiana
corporation; ELLIOT, POWELL, BADEN &
BAKER, INC., an Oregon company; LAWRENCE
REX ESTATE, d/b/a REX & COMPANY (by and
through its personal representative, L.V. Rex); and
LAWRENCE REX TRUST (by and through its
trustee, L.V. Rex),

        Defendants.

CV 02-1578-AS

ORDER

HAGGERTY, Chief Judge:

On September 14, 2004, Magistrate Judge Ashmanskas issued a Findings and

Recommendation (Doc. #132), in which he recommended granting in part and denying in

part defendants American States Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Oregon's (collectively referred to as Safeco) Motion for Partial Summary Judgment (Doc. #48). Safeco filed objections to the Findings and Recommendation, and plaintiffs filed a response. On March 18, 2005, the matter was referred to this court.

When a party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has given a *de novo* review to Judge Ashmanskas' Findings and Recommendation, including a careful analysis of the objections and the entire record. For the reasons that follow, the court finds that Judge Ashmanskas' reasoning and recommendations are sound, correct, and entitled to adoption.

## FACTUAL BACKGROUND

Plaintiffs MW Builders, Inc. and Great American Alliance Insurance Company (collectively referred to as MW Builders or plaintiffs) filed a complaint against Safeco and other named defendants seeking contribution, indemnification, and defense costs related to alleged construction defects arising from the Candlewood Suites Hotel project (the hotel). The other named defendants are Rex & Company (Rex), an insurance broker, and Elliot, Powell, Baden & Baker, Inc., an insurance agency.

MW Builders entered into the construction agreement to build the hotel in the mid-1990s. MW Builders subcontracted with Gary Thompson, d/b/a Portland Plastering (collectively referred to as Portland Plastering), to install the exterior insulation and finishing system (EIFS) on the hotel. The subcontract between MW Builders and Portland

2 – ORDER

Plastering required Portland Plastering to obtain and provide insurance coverage, including general liability insurance and excess (umbrella) insurance coverage, for the benefit of MW Builders and to name MW Builders as an additional insured on the policy.

Construction began on the hotel in 1996 and was substantially completed in June 1997. However, after completion, the hotel's new owners, Larkspur Hospitality Company (Larkspur), became aware of substantial water damage to the hotel allegedly caused by bulging and cracked EIFS material. MW Builders worked to correct the water problems, and, in September of 1998, Portland Plastering also worked to correct the various construction issues.

Portland Plastering's insurance policies

During the one-year period beginning August 17, 1996, and for three subsequent years, Portland Plastering was the named insured under a commercial general liability (CGL) insurance policy issued by Safeco. The 1997-1998 CGL Policy included an Additional Insured endorsement (Form CG 20 33), which provided that Safeco would automatically add a party as an "additional insured" whenever Portland Plastering entered into a contract requiring such insurance. Form CG 20 33 also specified that any "person or organization is an additional insured only with respect to liability arising out of [Portland Plastering's] ongoing operations performed for that insured" and that an additional insured's "status as an insured under this endorsement ends when [Portland Plastering's] operations for that insured are completed."

Similarly, the 1998-1999 and the 1999-2000 policies included a Liability Plus endorsement (Form CG 76 35), which stated that any person or organization for which Portland Plastering was required to provide insurance under a written contract or agreement is an "insured" as long as the contract was in effect during the policy period and was

3 – ORDER

executed prior to the damage for which a claim arises. Form CG 76 35 also specified that the person or organization added as an "insured" was an insured only with respect to liability arising out of Portland Plastering's ongoing operations for that insured.

Larkspur sues MW Builders

In defense to Larkspur's lawsuit, MW Builders asserted that Portland Plastering was primarily at fault and sought indemnity from it and its insurer, Safeco. Safeco declined to provide indemnity. In December 2001, Portland Plastering filed for protection under Chapter 7 of the Bankruptcy Code. In February 2002, MW Builders settled with Larkspur for $2,000,000, after which MW Builders was permitted to pursue its claim against Portland Plastering to the extent of its insurance coverage.

In June 2003, MW Builders and Portland Plastering entered into arbitration with arbitrator James Knoll (Knoll), from which Knoll determined that Portland Plastering caused thirty-one percent of the damages sustained by the hotel. Knoll awarded MW Builders $620,000 in damages (thirty-one percent of the $2,000,000 settlement), $70,934.30 in defense costs, and $214,610 in attorney fees and costs. On October 29, 2003, the Multnomah County Circuit Court entered judgment upon the arbitration award. MW Builders requested that Safeco pay the arbitrator's award, but Safeco refused.

MW Builders' claims

MW Builders asserted ten claims for relief: (1) declaratory judgment of coverage (MW Builders as insured); (2) breach of contract (MW Builders as insured); (3) declaratory judgment of coverage (Portland Plastering as insured); (4) breach of contract (Portland Plastering as insured); (5) breach of the duty of good faith and fair dealing; (6) negligence by Elliott; (7) breach of third-party contract by Elliott; (8) misrepresentation by Elliott; (9) estoppel; and (10) contribution and indemnity.

4 – ORDER

## **DISCUSSION**

Safeco's partial summary judgment motion is against two of MW Builders' claims: (1) declaratory judgment of coverage (MW Builders as insured) and (2) breach of contract (MW Builders as insured). Safeco argues that summary judgment against these claims is appropriate because MW Builders was not a named insured nor an "additional insured" on any of the CGL policies issued by Safeco to Portland Plastering.

In his Findings and Recommendation, Judge Ashmanskas found that MW Builders was not a named or additional insured under the 1996-1997 CGL Policy, but that, by operation of Forms CG 20 33 and CG 76 35, MW Builders was an additional insured for the 1997-1998, 1998-1999, and 1999-2000 policy years. The Findings and Recommendation did not reach the issue of whether the damage to the hotel was actually caused by Portland Plastering's ongoing operations during the policy years that MW Builders was an additional insured. Therefore, this Order does not reach the issue of whether Safeco is required to pay for the damage to the hotel based on MW Builders as an insured.

Safeco objects to the magistrate judge's findings that MW Builders was an additional insured under the 1997-1998, 1998-1999, and 1999-2000 CGL policies. Safeco argues that MW Builders was not an additional insured under any of these policies because: (1) Portland Plastering completed its work under the subcontract in June 1997, before any of these policies were issued; (2) any loss that occurred did not result from Portland Plastering's "ongoing operations" during the time the policies were in effect; and (3) Portland Plastering's agreement to insure MW Builders was void under Oregon law.

Safeco's first two objections miss the mark. As stated above, Judge Ashmanskas did not reach the issue of whether the damage to the hotel was actually the result of "ongoing

operations" during the relevant policy years.[1]  The only finding at issue is whether MW Builders was an additional insured, and Judge Ashmanskas correctly concluded that it was an additional insured for the three policy years identified above.

Safeco also objects to Judge Ashmanskas' finding that MW Builders was an additional insured because Portland Plastering's agreement with MW Builders was void under the holding in *Walsh Construction Company v. Mutual of Enumclaw*, 104 P.3d 1146 (Or. 2005).  In *Walsh*, the Oregon Supreme Court held that O.R.S. 30.140(1) voids any provision in a construction agreement that requires a subcontractor or a subcontractor's insurer to indemnify a general contractor against liability caused in whole or in part by the general contractor's negligence.  *Id.* at 1147-48.

Contrary to Safeco's reading of *Walsh*, the court's holding was specifically limited to an agreement in which one party was required to indemnify the other for the *indemnitee's* negligence.  The situation here is very different because the subcontract between Portland Plastering and MW Builders required Portland Plastering to indemnify MW Builders for any liability arising from Portland Plastering's negligence.  That such provisions are valid in Oregon was made clear by the *Walsh* court when it distinguished the contractual provision before it from one that would be permissible under another subsection of the statute:

> [O.R.S. 30.140] does not affect any provision in a construction agreement
> that requires a person or that person's surety or insurer to indemnify
> another against liability for damage arising out of death or bodily injury to
> persons or damage to property to the extent that the death or bodily injury
> to persons or damage to property arises out of the fault of the indemnitor,
> or the fault of the indemnitor's agents, representatives or subcontractors.

*Id.* at 1148 (citation and quotation omitted).

---

1. Judge Ashmanskas addressed that issue in his Findings and Recommendation dated December 15, 2004.

Safeco also argues that the magistrate judge's recommendation to deny its partial summary judgment motion is not supported by the record because MW Builders did not timely assert Forms CG 20 33 and CG 76 35 as the basis for its argument that it was an additional insured. The court disagrees. The issue of whether MW Builders was covered by the CGL policies was argued in all five cross-motions for summary judgment, providing Safeco with ample opportunity to respond to plaintiff's arguments. Furthermore, Safeco did not raise this issue before the magistrate judge and has failed to demonstrate any prejudice arising therefrom. The court finds that plaintiffs properly and timely preserved the issue of whether they were an additional insured under Safeco's CGL policies, including the endorsements.

**CONCLUSION**

The court adopts Judge Ashmanskas' Findings and Recommendation (Doc. #132). Safeco's Motion for Partial Summary Judgment (Doc. #48) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this   18   day of May, 2005.

                                                                  /s/Ancer L.Haggerty
                                                                   Ancer L. Haggerty
                                                                   United States District Judge