IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MW BUILDERS, INC., a Missouri corporation, and GREAT AMERICAN ALLIANCE INSURANCE COMPANY, an Ohio corporation,<br><br>       Plaintiffs,<br><br>       v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; SAFECO INSURANCE COMPANY OF OREGON, an Oregon corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; ELLIOT, POWELL, BADEN & BAKER, INC., an Oregon company; LAWRENCE REX ESTATE, d/b/a REX & COMPANY (by and through its personal representative, L.V. Rex); and LAWRENCE REX TRUST (by and through its trustee, L.V. Rex),<br><br>       Defendants. | CV 02-1578-AS<br><br>ORDER |

HAGGERTY, Chief Judge:

On December 15, 2004, Magistrate Judge Ashmanskas issued a Findings and

Recommendation (Doc. #133), in which he recommended granting in part and denying in

part MW Builders' Motion for Summary Judgment Against Defendants Safeco and American States (collectively referred to as Safeco) (Doc. #80) and granting in part and denying in part Safeco's Second Motion for Summary Judgment (Doc. #85). Safeco filed objections to the Findings and Recommendation, and plaintiffs filed a response. Plaintiffs also filed a Request for Referral to U.S. District Court Judge for Acceptance of Findings and Recommendations and Entry of Judgment, Including Costs, Attorneys' Fees and Accrued Interest (Doc. #138). On March 18, 2005, the matter was referred to this court.

When a party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has given a *de novo* review to the Magistrate Judge's Findings and Recommendation, including a careful analysis of the objections and the entire record. The Judge's reasoning and recommendations are sound, correct, and entitled to adoption.

**FACTUAL BACKGROUND**

Plaintiffs MW Builders, Inc. and Great American Alliance Insurance Company (collectively referred to as MW Builders or plaintiffs) filed a complaint against Safeco and other named defendants seeking contribution, indemnification, and defense costs related to alleged construction defects arising from the Candlewood Suites Hotel project (the hotel). The other named defendants are Rex & Company (Rex), an insurance broker, and Elliot, Powell, Baden & Baker, Inc., an insurance agency.

MW Builders entered into the construction agreement to build the hotel in the mid-1990s. MW Builders subcontracted with Gary Thompson, d/b/a Portland Plastering

(collectively referred to as Portland Plastering), to install the exterior insulation and finishing system (EIFS) on the hotel. The subcontract between MW Builders and Portland Plastering required Portland Plastering to obtain and provide insurance coverage, including general liability insurance and excess (umbrella) insurance coverage, for the benefit of MW Builders and to name MW Builders as an additional insured on the policy.

Construction began on the hotel in 1996 and was substantially completed in June 1997. However, after completion, the hotel's new owners, Larkspur Hospitality Company (Larkspur), became aware of substantial water damage to the hotel allegedly caused by bulging and cracked EIFS material. MW Builders worked to correct the water problems, and, in September of 1998, Portland Plastering also worked to correct the various construction issues.

Portland Plastering's insurance policies

During the one-year period beginning August 17, 1996, and for three subsequent years, Portland Plastering was the named insured under a commercial general liability (CGL) insurance policy issued by Safeco. The 1997-1998 CGL Policy included an Additional Insured endorsement (Form CG 20 33), which provided that Safeco would automatically add a party as an "additional insured" whenever Portland Plastering entered into a contract requiring such insurance. Form CG 20 33 also specified that any "person or organization is an additional insured only with respect to liability arising out of [Portland Plastering's] ongoing operations performed for that insured" and that an additional insured's "status as an insured under this endorsement ends when [Portland Plastering's] operations for that insured are completed."

Similarly, the 1998-1999 and the 1999-2000 policies included a Liability Plus

endorsement (Form CG 76 35), which stated that any person or organization for which Portland Plastering was required to provide insurance under a written contract or agreement is an "insured" as long as the contract was in effect during the policy period and was executed prior to the damage for which a claim arises. Form CG 76 35 also specified that the person or organization added as an "insured" was an insured only with respect to liability arising out of Portland Plastering's ongoing operations for that insured.

<u>Larkspur sues MW Builders</u>

In defense to Larkspur's lawsuit, MW Builders asserted that Portland Plastering was primarily at fault and sought indemnity from it and its insurer, Safeco. Safeco declined to provide indemnity. In December 2001, Portland Plastering filed for protection under Chapter 7 of the Bankruptcy Code. In February 2002, MW Builders settled with Larkspur for $2,000,000, after which MW Builders was permitted to pursue its claim against Portland Plastering to the extent of its insurance coverage.

In June 2003, MW Builders and Portland Plastering entered into arbitration with arbitrator James Knoll (Knoll), from which Knoll determined that Portland Plastering caused thirty-one percent of the damages sustained by the hotel. Knoll awarded MW Builders $620,000 in damages (thirty-one percent of the $2,000,000 settlement), $70,934.30 in defense costs, and $214,610 in attorney fees and costs. On October 29, 2003, the Multnomah County Circuit Court entered judgment upon the arbitration award. MW Builders requested that Safeco pay the arbitrator's award, but Safeco refused.

<u>MW Builders' claims</u>

MW Builders asserted ten claims for relief: (1) declaratory judgment of coverage (MW Builders as insured); (2) breach of contract (MW Builders as insured); (3) declaratory

judgment of coverage (Portland Plastering as insured); (4) breach of contract (Portland Plastering as insured); (5) breach of the duty of good faith and fair dealing; (6) negligence by Elliott; (7) breach of third-party contract by Elliott; (8) misrepresentation by Elliott; (9) estoppel; and (10) contribution and indemnity.

## CORRECTION OF SCRIVENER'S ERROR

On page 45 of the Findings and Recommendation, Judge Ashmanskas referred to his Findings and Recommendation dated September 14, 2004, in which he determined that MW Builders was an additional insured under "Safeco's 1997-1998 CGL Policy No. 01-CD-229396; 1998-1999 CGL Policy No. 01-CD-229396-7; and, 1999-2000 CGL Policy No. 01-CD-229396-8." Findings and Recommendation dated December 15, 2004, at 45. Judge Ashmanskas then concluded that "MW Builders was entitled to coverage for damages occurring during those policy periods (1998-1999 and 1999-2000, respectively) . . . ." *Id.* As plaintiffs correctly point out, this sentence contains a scrivener's error in that it fails to include the 1997-1998 policy period. Therefore, in adopting this Findings and Recommendation, the court hereby corrects this omission so that the parenthetical properly includes all three policy years: 1997-1998, 1998-1999, and 1999-2000.

## DISCUSSION

In Safeco's Second Motion for Summary Judgment, it seeks summary judgment against each of plaintiffs' claims for relief. Safeco argues (1) that no portion of the arbitration award against Portland Plastering is covered by the CGL Policies issued by Safeco and (2) that the CGL Policies do not provide coverage for MW Builders as an

5 – ORDER

additional insured.[1] In MW Builders' Motion for Summary Judgment against Safeco, MW Builders seeks judgment for the entire amount of the arbitrator's award against Portland Plastering.

In his Findings and Recommendation, Judge Ashmanskas found that the CGL policies Safeco issued to Portland Plastering obligated Safeco to pay Portland Plastering's portion of the arbitrator's award (thirty-one percent of $2,000,000, or $620,000). Therefore, Judge Ashmanskas recommended denying Safeco's summary judgment motion and granting MW Builders' summary judgment motion with respect to that issue. As to MW Builders' other claims, Judge Ashmanskas recommended granting Safeco's summary judgment motion against MW Builders' fifth claim for relief, for breach of the duty of good faith and fair dealing, and tenth claim for relief, for contribution. No objections were made to these recommendations, and the court adopts them.

**Safeco's objections**

Safeco raises five specific objections to Judge Ashmanskas' Findings and Recommendation.

<u>Safeco's first objection</u>

Safeco objects to Judge Ashmanskas's finding that the property damage was caused by an "occurrence." The CGL policy describes an "occurrence" as "an accident, including

---

1. The court notes that Safeco's second argument – that MW Builders was not an additional insured – was addressed in Judge Ashmanskas' Findings and Recommendation dated September 14, 2004, which this court adopted. Judge Ashmanskas found that MW Builders was not an additional insured under Safeco's 1996-1997 CGL policy, but that it was an additional insured under Safeco's 1997-1998, 1998-1999, and 1999-2000 policies. That Findings and Recommendation also disposed of MW Builders' ninth claim for relief, which sought the application of estoppel to bar Safeco from denying coverage for MW Builders as an additional insured.

6 – ORDER

continuous or repeated exposure to substantially the same general harmful conditions." Findings and Recommendation dated December 15, 2004, at 15. Safeco contends that an "accident" results from a tort, whereas the damage to the hotel was a breach of a contractual duty only.

Under Oregon law, damage resulting from a breach of contract generally is not an "accident" for purposes of a general liability policy because the term "accident" has a tortious connotation, meaning that it exists only when damage results from a breach of some duty imposed by law. *Kisle v. St. Paul Fire & Marine Ins.,* 495 P.2d 1198, 1200-01 (Or. 1972). However, as the *Kisle* court indicated, there are instances where negligent performance of a contract can cause damage by "accident." *Id.* at 1200-01; *see also Oak Crest Const. Co. v. Austin Mut. Ins. Co.*, 998 P.2d 1254, 1256-58 (Or. 2000). One such instance is when an insured's defective workmanship results in damage to the property of others. Therefore, Judge Ashmanskas correctly found that the extensive damage to the hotel was an "occurrence."

Safeco's reliance on *Holman Erection Company, Inc. v. Employers Insurance of Wausau*, 920 P.2d 1125 (Or. App. 1996) and *Jones v. Emerald Pacific Homes, Inc.*, 71 P.3d 574 (Or. 2003) is misplaced. In *Holman*, the court rejected a subcontractor's argument that its failure to name the general contractor as an additional insured constituted an "occurrence" or "accident" that resulted in property damage for which coverage was provided under the policy. *Holman*, 920 P.2d at 1129 n.8. Here, the situation is very different because the alleged "occurrence" was Portland Plastering's faulty work causing property damage to a third-party, not a failure to procure insurance. The holding in *Jones* – that Oregon does not recognize a tort for negligent workmanship – is also inapposite to the

7 – ORDER

situation here where the claim is for damage caused by faulty workmanship, not for the faulty workmanship itself.

Safeco's second objection

Safeco objects to Judge Ashmanskas' finding that MW Builders seeks damages arising from "property damage" as that term is defined in the CGL policies. Safeco argues that because the arbitration award against Portland Plastering was for reimbursement of the money paid by MW Builders to Larksup, MW Builders' claim against Portland Plastering is purely economic and, therefore, does not involve "property damage." Safeco relies on *Holman* and *Wausau Tile, Inc. v. County Concrete Corporation,* 593 N.W.2d 445 (Wis. 1999).

In *Holman*, the court rejected plaintiff's indemnity claim because it found that the workers' compensation statute prohibited the indemnification agreement in that instance. 920 P.2 at 1128-29 (because the plaintiff subcontractor could not be held directly or indirectly liable for its employee's work-related injuries in light of Oregon law stating that the Workers' Compensation Law is an exclusive remedy, the insurer's failure to tender a defense was proper) (citations omitted). Unlike in *Holman*, Safeco does not argue that the indemnification agreement here was prohibited by statute. Therefore, the situation in that case is distinguishable from the one here.

*Wausau Tile* is also distinguishable because the plaintiff in that case did not allege personal injury or property damage; it brought claims only for consequential economic loss. 593 N.W.2d at 454. Here, MW Builders alleged that Portland Plastering's faulty work caused moisture and water intrusion into the hotel. As Judge Ashmanskas correctly found, that damage to the hotel (excluding the faulty work itself), is covered "property damage" under the Safeco CGL policies. *See DeWitt Constr. Inc. v. Charter Oak Fire Ins. Co.*, 307

8 – ORDER

F.3d 1127, 1133-34 (9th Cir. 2002). For these reasons, Judge Ashmanskas correctly found that MW Builders' claims arise from "property damage" covered by Safeco's CGL policies.

Safeco's third objection

Safeco objects to Judge Ashmanskas' finding that the contractual liability exclusion does not bar coverage in this case because the "insured contract" exception applies. The contractual liability exclusion bars coverage for property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. The "insured contract" exception, however, removes an insured contract from the scope of that exclusion. The policy defines an "insured contract" as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." Findings and Recommendation dated December 15, 2004, at 26.

Safeco argues that O.R.S. 30.140(1) nullifies the indemnity agreement between MW Builders and Portland Plastering. The court addressed this issue in its Order adopting the Findings and Recommendation of September 14, 2004. As explained there, O.R.S. 30.140(2) expressly provides that the agreement at issue here is permissible. *Walsh Constr. Co. v. Mut. of Enumclaw*, 104 P.3d 1146, 1148 (Or. 2005).

Alternatively, Safeco contends that the indemnity provision of the subcontract between MW Builders and Portland Plastering does not qualify as an "insured contract" because MW Builders' liability to Larkspur was based on contract, not on tort liability. The court disagrees with Safeco's reasoning. Under the subcontract between Portland Plastering and MW Builders, Portland Plastering agreed to indemnify MW Builders for third-party claims against MW Builders that arose from Portland Plastering's conduct. Therefore,

9 – ORDER

Portland Plastering was obligated to indemnify MW Builders for its liability to Larkspur that arose from property damage caused by Portland Plastering's tortious acts. Knoll levied liability against Portland Plastering, and Safeco provided coverage for this liability by virtue of the insured contract. Judge Ashmanskas correctly found that the contractual liability exclusion does not bar coverage.

Safeco's fourth objection

Safeco objects to Judge Ashmanskas' finding that the insured contract provision of the Safeco CGL policies provides coverage for Portland Plastering's obligation to pay the prevailing party attorney fees – fees incurred by MW Builders in pursuing recovery from Portland Plastering under the indemnity claim – that were awarded by Knoll. Under the CGL policies, for purposes of an "insured contract," reasonable attorney fees and costs incurred by a party other than Portland Plastering are deemed to be "damages" because of "property damage" as long as (1) liability for that party's defense has also been assumed in the insured contract and (2) the fees were incurred by that party in defense of a civil or alternative dispute resolution proceeding alleging damages covered by the CGL policy. Findings and Recommendation dated December 15, 2004, at 38-39.

As stated above, the court finds that the indemnity agreement between MW Builders and Portland Plastering was an "insured contract." Nonetheless, Safeco argues that there is no coverage for the prevailing party fees because they were not incurred in *defending* an indemnified claim, but rather were incurred by MW Builders in its claims *against* Portland Plastering. The court disagrees. Knoll awarded the defense costs and the prevailing party fees to MW Builders under the indemnity terms of the subcontract, *see* Complaint, Ex. B at 6, ¶ 10.1, and the default provision in paragraph 15.6 of the subcontract. *See id*. at 10, ¶15.6

10 – ORDER

("Should MW employ an attorney to enforce any provision of this Subcontract . . . Subcontractor and its sureties agree to pay MW such attorneys' fees and costs of collection as MW may expend with respect thereto . . . ."). Under the insured contract provision of the CGL policies, Safeco provided coverage for Portland Plastering's obligation to pay the fees awarded by Knoll. MW Builders incurred those fees when enforcing the indemnity agreement. Therefore, Judge Ashmanskas properly found that Safeco is obligated to pay the prevailing party fees.

<u>Safeco's fifth objection</u>

Safeco objects to the absence of a recommendation by Judge Ashmanskas that the two Safeco defendants are entitled to summary judgment by virtue of the fact that there was no evidence that they were legally obligated on any insurance policy issued by American States Insurance Company (American States). Portland Plastering's insurance policies were issued by American States, which was subsequently purchased by Safeco Insurance Company of America. Safeco now argues that it is entitled to summary judgment, even if American States is not, because there is no evidence that it, as a parent company, is liable for the debts of its subsidiary.

Safeco presents no evidence or case law supporting this argument. Furthermore, as Judge Ashmanskas explained in his Findings and Recommendation, Safeco is the insurance company that dealt with MW Builders' claims throughout this dispute. For these reasons, and for the reasons above, the court finds no error in the magistrate judge's recommendation.

**MW Builders' Request for Judgment and Costs**

Plaintiffs request that this court accept all three Findings and Recommendation in this case and enter judgment, including attorney fees, costs, and accrued interest. Plaintiffs

assert that they are entitled to the prevailing party fees and defense costs awarded by Knoll, as well as prejudgment interest on those fees. Plaintiffs also ask this court to set a briefing schedule for submitting an application to fix attorney fees and costs incurred in this action. Safeco argues that entry of judgment is inappropriate at this time because there are several unresolved factual and legal issues.

First, Safeco points to Judge Ashmanskas' finding that Safeco's duty to indemnify MW Builders was for costs to repair damage to the hotel that resulted from Portland Plastering's faulty work, not for costs associated with replacing the faulty work itself. Safeco argues that plaintiffs have failed to meet their burden of proving what amount of the covered settlement expenses relate to such consequential damages rather than to the faulty work itself. Second, Safeco argues that it has not yet been determined whether the damages underlying the expenses that Knoll awarded to MW Builders arose out of "ongoing operations" during the time the relevant CGL policies were in effect. The court disagrees. As Knoll found, Portland Plastering is obligated to pay the arbitrator's award based on its indemnity agreement with MW Builders. For the reasons provided in the Findings and Recommendation and those stated above, this court concludes that the CGL policies obligate Safeco to pay that amount.

However, Safeco also argues that there are unresolved legal issues. In response to plaintiffs' summary judgment motion, Safeco asserted for the first time that MW Builders was not the real party in interest to the claims against Safeco or, alternatively, that an indispensable party was excluded from the action. MW Builders objected to Safeco's raising the issue for the first time in a response brief, and Judge Ashmanskas reserved ruling, stating that, at the parties' request, the court would set a briefing schedule to

specifically address the issue of real and necessary parties. Findings and Recommendation dated December 15, 2004, at 11 n.6. It is not clear to this court whether the parties have requested a briefing schedule.

In addition, Safeco argues that plaintiffs are not entitled to attorney fees for this action under O.R.S. 742.061 because that statute does not apply in a diversity action. Judge Ashmanskas determined that any recovery of attorney fees under O.R.S. 742.061 should be resolved after judgment is entered on the current motions. Findings and Recommendation dated December 15, 2004, at 44. Safeco also argues that the issue of pre- and post-judgment interest on the arbitration award remains unresolved. Judge Ashmanskas denied MW Builders' request for summary judgment on that issue with leave to refile. Findings and Recommendation dated December 15, 2004, at 44 n.11.

Safeco also argues that, to the extent there was coverage for any part of the arbitration award, a question remains as to whether that coverage is subject to a single $500,000 limit or multiple $500,000 limits. Judge Ashmanskas did not reach this issue in his Findings and Recommendation. Due to these unresolved legal issues, the court will not enter judgment at this time.

///
///
///
///
///
///
///

**CONCLUSION**

The court adopts Judge Ashmanskas' Findings and Recommendation (Doc. #133). MW Builders' Motion for Summary Judgment Against Defendants Safeco and American States (Doc. #80) is GRANTED in part and DENIED in part. Safeco's Second Motion for Summary Judgment (Doc. #85) is GRANTED in part and DENIED in part. Plaintiffs' motion for Entry of Judgment, Including Costs, Attorneys' Fees and Accrued Interest (Doc. #138) is DENIED.

IT IS SO ORDERED.

Dated this 18 day of May, 2005.

/s/Ancer L.Haggerty

Ancer L. Haggerty
United States District Judge