IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MW BUILDERS, INC., a Missouri
corporation, and GREAT
AMERICAN ALLIANCE INSURANCE
COMPANY, an Ohio corporation,

        Plaintiffs,

    v.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington
corporation; SAFECO INSURANCE
COMPANY OF OREGON, an Oregon
corporation; AMERICAN STATES
INSURANCE COMPANY, an Indiana
corporation; ELLIOT, POWELL,
BADEN & BAKER, INC., an Oregon
company; LAWRENCE REX ESTATE,
d/b/a REX & COMPANY (by and
through its personal
representative, L.V. Rex); and
LAWRENCE REX TRUST (by and
through its trustee, L.V. Rex),

        Defendants.
_____

Civil No. 02-1578-AS

FINDINGS AND RECOMMENDATION

1 - FINDINGS AND RECOMMENDATION     [LB]

ASHMANSKAS, Magistrate Judge:

MW Builders, Inc., and Great American Alliance Insurance Company (collectively MW Builders), filed a complaint against various named defendants, including Safeco Insurance Company of America, Safeco Insurance Company of Oregon, American States Insurance Company (collectively SAFECO), seeking contribution, indemnification and defense costs for the construction defect claims arising from the Candlewood Suites Hotel project. The facts in the case were not in dispute and the case was resolved on summary judgment. Final judgment was entered in favor of MW Builders in the amount of $905,540.30.

Following the entry of final judgment, MW Builders filed a Motion to Fix Attorneys' Fees and Interest requesting $593,595 in attorney fees (including a multiplier), $7,312.64 in costs, $161,791.76 in pre-judgment interest, and post-judgment interest to accrue on both the final judgment and on the court's award of fees and costs. For the reasons that follow, MW Builders' motion for fees, costs and interest should be granted in part, and denied, in part.

## DISCUSSION

As a threshold matter, SAFECO contends that MW Builders is not entitled to an award of attorney fees in this case. According to SAFECO, MW Builders relies on an Oregon procedural statute -- Or.

Rev. Stat. 742.061[1] -- for its award of fees, but under the doctrine set forth in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1939), state procedural law does not apply in a diversity case such as this one. In arguing that section 742.061 is a procedural rather than substantive statute, SAFECO relies on the decision in Vancouver Furniture, Inc. v. Industrial Indem. Co., 74 Or.App. 642, 704 P.2d 518 (1985)(award of attorney fees to insured was procedural matter subject to Oregon law, even though the dispute was governed by the substantive law of Washington, which had no statute providing for award of attorney fees to insured who prevail in actions on policies).

Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. However, in a diversity case, state law generally governs the question whether there is a right to attorney fees. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975)(In "an ordinary diversity case," a state law governing the award of attorney fees, "which reflects a substantial policy of the state,

---

[1] Section 742.061 provides:

> If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

3 - FINDINGS AND RECOMMENDATION [LB]

should be followed."); accord Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir. 1983)(State law governs an award of attorney fees in diversity actions.).

Under Oregon law, attorney fees are authorized when a policy holder is required to pursue an action to obtain the benefits of its insurance policy. See Or. Rev. Stat. § 742.061; see also Webb v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, 207 F.3d 579, 583-584 (9th Cir. 2000). Unlike the circumstances in Vancouver Furniture where the injury occurred in Washington and the action was filed in Oregon, the parties agree that Oregon law governs their dispute. Indeed, both the injury and the filing of the action occurred in Oregon. Nor is there is a suggestion by SAFECO that there is a conflict of laws involving the Oregon statute and any other state law. As such, an award of attorney fees pursuant to Or. Rev. Stat. § 742.061 is authorized here. This court, sitting in diversity, will apply Oregon law to determine the amount of attorney fees that should be awarded. See, e.g., Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1995)("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state.").

Section 742.061 provides for "a reasonable amount to be fixed by the court as attorney fees." The purpose of this statute is to encourage the settlement of insurance claims without litigation,

and to reimburse successful plaintiffs for moneys expended for attorney fees in suits to enforce insurance contracts. Chalmers v. Oregon Auto Ins. Co., 263 Or. 449, 452, 502 P.2d 1378 (1972). The statute is compensatory, not penal, and therefore recovery of fees is not defeated by the insurer's good faith in failing to settle. Hardware Mut. Cas. v. Farmers Ins., 256 Or. 599, 612, 474 P.2d 316 (1970).

To determine what is a reasonable attorney fee under section 742.061, the court should consider the amount of time required for the services rendered, the novelty and difficulty of the question involved, the result obtained, and the extent to which the briefs and arguments of counsel have been of assistance to the court. Chalmers, 263 Or. at 455-56. However, counsel should not be rewarded for filing unnecessarily long or irrelevant briefs. Id. at 456. Other factors that have been considered in cases under ORS 742.061 include the experience of plaintiffs' counsel and counsel's familiarity with the underlying case. Stumpf v. Continental Casualty Co., 102 Or.App. 302, 314, 794 P.2d 1228 (1990).

SAFECO objects to the requested attorney fees on the grounds that they are excessive and unreasonable. The court will address the disputed issues in the following order: (1) prosecuting the agent defendants; (2) prosecuting unsuccessful claims; (3) hours reasonably expended; (4) appropriate hourly rate; and (5) whether

a multiplier is warranted. Finally, the court will consider MW Builders' request for pre- and post-judgment interest.

## I. Prosecuting Agent Defendants

MW Builders seeks attorney fees for work relating to the prosecution of the negligence, breach of contract and misrepresentation claims asserted against the agents, Rex and Elliott. According to SAFECO, under section 742.061, a prevailing plaintiff can only recover fees relating to work prosecuting an action "upon any policy of insurance. . . ." SAFECO reads this provision as limiting fee recovery to work required to prove an insurance claim and resulting damages. SAFECO explains that because the claims against the agents were not insurance claims, any fees relating to prosecution of those claims are not recoverable under section 742.061.

MW Builders responds that the time spent pursuing claims against Rex and Elliott was necessitated by SAFECO's defenses. Specifically, MW Builders argues that it was required to pursue claims against Rex and Elliott because SAFECO denied coverage and claimed the agents were responsible for the failure to procure necessary insurance. MW Builders insists that if SAFECO had met its obligation -- paid the arbitration award -- the case against Rex and Elliott would never have arisen.

The court cannot agree with MW Builders' argument that the fees prosecuting the agents are recoverable because those fees arose from SAFECO's failure to settle their claim under the insurance policy. There is simply no statutory authority for the recovery sought by MW Builders.[2] As a threshold matter, MW Builders did not prevail on any of its claims against the agents. Moreover, the claims against the agents were not actions "upon any policy of insurance. . . ." Rather, those claims were an attempt to establish other liability in the event MW Builders was unable to recover under the terms of the insurance policy. The essence of MW Builders' claims against the agents is that they failed to procure the CGL insurance that was in accordance with the terms of the Subcontract. The action against the agents was not an action to recover under the insurance policy and MW Builders is not entitled to an award of attorney fees for that work. See generally Goddard v. Farmers Ins. Co., 177 Or.App. 621, 33 P.3d 1075 (2001)(Plaintiff was not entitled to an award of attorney fees under ORS 742.061

---

[2] Nor does the case cited by MW Builders, Willamette Prod. Credit Ass'n v. Borg-Warner Acceptance Corp., 75 Or.App. 154, 157, 706 P.2d 577 (1985), change the outcome. In Willamette, the Oregon Court of Appeals simply noted that the amount of recovery is not an absolute limitation to the award of attorney fees because a defendant "by a vigorous or obstreperous defense, could force abandonment of the claim or [obtain] an attractive settlement simply because it would be uneconomic for the [plaintiff] to continue the effort." Id. at 157, 706 P.2d 577. As such, plaintiff's award would not be limited when the award was small in proportion to the time spent pursuing that award.

where the claim sounded in tort and therefore was not an action on an insurance policy.).

In addition, SAFECO insists that MW Builders' contention that only 109.2 hours of their attorneys' time was devoted solely to the claims against the agents "is patently untenable." SAFECO alleges that MW Builders' petition for attorney fees does not provide sufficient detail to break out the work specifically relating to the agency claims with accuracy. As such, SAFECO requests a one-third reduction of the requested award based on the "benefit of the doubt."

On page seven of his affidavit, James Murphy set forth the following testimony:

> 22. I have reviewed and summarized the time spent by lawyers of my firm pursuing claims against Rex & Company and Elliott Powell Baden & Baker contained in Exhibit 1. These efforts and time spent pursuing claims against the insurance agent defendants (which SAFECO forced us to pursue) are summarized as follow:
>
>     Lory R. Lybeck (partner)         5.2
>     James P. Murphy (partner)       62.9
>     C. Chip Goss (associate)        24.0
>     Brian T. Hodges (associate)     13.0

Attached to the Murphy affidavit is Exhibit 1 -- a copy of Murphy's firm's computer time records detailing the work performed by members of his law firm on this case. Exhibit 1 lists all time spent by attorneys and staff (in tenth of an hour increments) and a description of the specific tasks performed by each person. In the face of SAFECO's mere speculation regarding the number of hours

spent on the agents' claims, the court accepts Murphy's sworn statement concerning the time spent pursuing those claims. The award of attorney fees should be reduced by 109.2 hours in accordance with the allocation set forth above -- 68.1 partner hours and 41.1 associate hours.

**II.  Unsuccessful Claims**

SAFECO contends that because it prevailed on MW Builders' fifth, ninth and tenth causes of action, MW Builders is not entitled to recover fees relating to the prosecution of those claims.

MW Builders does not dispute this assertion and concedes that it is not entitled to fees for the three claims dismissed by the court. MW Builders represents that it has not sought recovery for attorney fees incurred on the dismissed claims. The court accepts this representation of counsel and, accordingly, there should not be a reduction of hours on that basis.

**III. Hours Reasonably Expended**

Next, SAFECO challenges the number of hours expended by MW Builders as excessive. MW Builders requests compensation for 1,444.9 hours spent on the merits of this case. In comparison, SAFECO's attorney spent 455.4 hours[3] on the merits of the case. SAFECO contends that MW Builders' attorneys spent an unreasonable

---

[3] Todd Baran, lead counsel for SAFECO, expended all but 13 of those hours.

amount of time on the case through inefficiency and duplication of efforts. According to SAFECO, MW Builders "over-worked" this case. SAFECO points out that "virtually every significant task was performed by at least two attorneys and reviewed by a third." In addition, SAFECO charges that MW Builders' attorneys were not experienced with insurance coverage litigation, resulting in hours expended for their education. While SAFECO insists that it should not be required to pay for duplication of effort and education of opposing counsel, it does not request a specific number of hours be deleted from MW Builders' billings.

MW Builders responds that the high number of hours billed in this case is justified because of the complexity of this case and SAFECO's "persistent opposition." They argue that SAFECO, a large insurance company with unlimited resources, made the litigation as difficult and expensive as possible.

The court agrees that there was factual and legal complexity to this case. In addition, the litigation in federal court has been protracted; and the parties have expended additional time pursuing settlement. Nevertheless, in the court's view, MW Builders' case was overstaffed and duplication of effort and excessive time spent was likely. MW Builders has requested attorney fees for nine different attorneys, five of those attorneys are seeking reimbursement for 100 or more hours. The large number of attorneys working on MW Builders case no doubt led to some

duplication of effort and excessive time being spent on certain tasks. It is MW Builders' burden to justify its request for attorney fees. MW Builders does not attempt to persuade the court that there was no duplication of effort or inefficiency in its requested hours. Nor does MW Builders argue that there are distinguishing characteristics that support an expenditure of hours three times that of SAFECO's. Rather, by way of explanation, MW Builders simply reiterates that the case was complex and SAFECO was oppositional. While this may be true, it fails to explain the sizeable difference in time/attorneys expended. MW Builders has failed to justify the disproportionate number of hours spent prosecuting this case or the need to marshal a team of lawyers to SAFECO's one. (Except for 13 hours of work, SAFECO's case was handled by one attorney). A reduction in the hours expended is warranted. Accordingly, the court recommends that 75 partner hours and 75 associate hours be deducted for those factors.

**IV. Reasonable Rate**

SAFECO contends that the hourly rates sought by MW Builders' is excessive in light of the customary rates charged for comparable legal work in this community. SAFECO challenges the rates requested -- $300 per hour for partner time and $200 per hour for associate time -- as excessive. Based on the testimony of Thomas Tongue, SAFECO asserts that $250 per hour is the highest reasonable rate for the lead lawyers and $135 per hour for the associates.

SAFECO does not appear to challenge the requested rate of $125 per hour for paralegals and $50 per hour for staff.

MW Builders contends that the hourly rates charged by their attorneys is reasonable in light of their experience and skill. This contention is supported by affidavits from Robert E.L. Bonaparte, detailing information regarding prevailing rates in this community, and from James P. Murphy, detailing the experience of both the partners and associates and setting forth the reasonable and prevailing hourly rate charged by lawyers handling similar cases. In addition, Murphy submitted a supplemental affidavit and attached a declaration and supporting materials filed by Todd Baran, SAFECO's counsel here, in an unrelated case. MW Builders argues that the submission is noteworthy because it supports the same hourly rate sought by MW Builders in this case.

The court finds that while MW Builders' attorneys are qualified and experienced in commercial litigation generally, they are not highly experienced in cases of this nature such that the premium billing rate of $300 per hour should apply. Based on the affidavits submitted by MW Builders, the court acknowledges that Murphy and Lory Lybeck have expertise in construction defect litigation. However, MW Builders' submissions do not support the same finding in the area of commercial liability insurance coverage litigation. The rates billed by MW Builders' attorneys are beyond the reasonable range for comparable work and expertise in this area

for the relevant period. Thus, it is necessary to make a reduction in the hourly rate charged by MW Builders' attorneys. The partner rate should be reduced to $275 per hour and the associate rate should be reduced to $150 per hour.

**V.     Multiplier**

MW Builders maintains that it is entitled to a multiplier of 1.5 because of the substantial risks of pursuing this case; the significant time, money and resources expended; the nature of the case; and "the countless issues and objections raised by SAFECO." The court reiterates that the purpose of 742.061 is to restore not to enrich or penalize. While this case was lengthy and somewhat involved, it was not exceptional such that a multiplier is warranted. Nor was this a controversial or high risk case such that only a few attorneys were willing to accept the burden. <u>See</u>, <u>e.g.</u>, <u>Griffin v. Tri-County Metro. Transp. Dist. of Or.</u>, 112 Or.App. 575, 831 P.2d 42 (1992). Moreover, regarding the "risk" to MW Builders for pursuing this case, it is clear that while the outcome of its prosecution may have been in doubt, SAFECO's ability to pay the an award, including attorney fees, was not. There was minimal or no risk to MW Builders that its successful services would go uncompensated. SAFECO is a solvent defendant and payment, upon success, was assured. MW Builders most certainly is entitled to reasonable compensation for its efforts here, but an enhancement cannot be justified on the bases set forth by MW Builders. The

court should decline to apply a multiplier because this was not an exceptional case warranting an upward adjustment.

**VI.  Pre- and Post-Judgment Interest**

Finally, MW Builders requests pre- and post-judgment interest on the arbitration award entered by Jim Knoll. MW Builders seeks a rate of 9% per annum for pre-judgement interest, <u>see</u> Or. Rev. Stat. § 82.010(2), and a rate of 3.68% for the post-judgment interest, <u>see</u> 28 U.S.C. § 1961. According to MW Builders, pre-judgment interest accrued on the indemnity award ($620,000) and the attorney fees award ($285,544.30) from the date they were entered, July 13, 2003, and September 22, 2003, respectively, until the date Judge Haggerty entered judgment, July 29, 2005, in the amount of $905,544.30. MW Builders calculates the rates at $152.88 a day on the indemnity award and $70.40 a day on the attorney fees award. Further, MW Builders asserts that post-judgment interest will continue to accrue on the judgement entered by Judge Haggerty from the date it was entered until the date of payment.

SAFECO does not dispute that MW Builders is entitled to pre- and post-judgment interest at the specified rates. It appears to dispute, however, whether the pre-judgment interest began to accrue from the date Knoll entered the awards. Rather, if the court reads SAFECO's argument correctly, SAFECO maintains that MW Builders is entitled to pre-judgment interest on those awards only from the

14 - FINDINGS AND RECOMMENDATION                              [LB]

date they were entered by this court, July 29, 2005, not the dates they were awarded by Knoll.

In a diversity case the application of pre-judgement interest is governed by state law. See, e.g., Northrop Corp. v. Triad Int'l Marketing S.A., 842 F.2d 1154, 1155 (9th Cir. 1988). As mentioned, Oregon law provides for pre-judgment interest at the rate of 9% per annum. See Or. Rev. Stat. § 82.010(a). Section 82.010(1)(a), provides that interest is payable on "[a]ll moneys" after they become due and "applies with full force to prejudgment interest[.]" Wilson v. Smurfit Newsprint Corp., 197 Or.App. 648, 673, 107 P.3d 61 (2005). In Oregon, "a party can receive prejudgment interest only when the 'exact pecuniary amount was either ascertained, or ascertainable by simple computation, or by reference to generally recognized standards such as market price,' and where 'the time from which interest . . . must run . . . can be ascertained." Id. (quoting Public Market Co. v. Portland, 171 Or. 522, 625, 138 P.2d 916 (1943)); accord L.H. Morris Elec., Inc. v. Hyundai Semiconductor America, Inc., 203 Or.App. 54, 78, 125 P.3d 1 (2005)(subcontractor entitled to pre-judgment interest on arbitration award). To determine whether the amount of the damages and starting date of the interest are ascertainable, the court applies an objective, post-judgment perspective. See L.H. Morris Elec., Inc., 203 Or.App. at 78, 125 P.3d 1.

Here, the arbitrator's awards were a sum certain, entered on a date certain against Portland Plastering, SAFECO's insured. Judgment on those same awards was subsequently entered in both state[4] and federal court. MW Builders is the prevailing party and should be entitled to 9% pre-judgment interest from the dates of the arbitration awards until the entry of judgment by Judge Haggerty, and 3.8% post-judgment interest on both the final judgment and on the court's award of attorney fees and costs until those amounts are paid in full.

## CONCLUSION

Based on the foregoing, MW Builders' Motion to Fix Attorneys' Fees and Interest (doc. #166) should be GRANTED, in part, and DENIED, in part as follows: the court should deduct the 109.2 hours in attorney fees for the work prosecuting the agents in accordance with MW Builders' allocation of those hours -- 68.1 partner hours and 41.1 associate hours; deduct 75 hours from the number of partner hours requested; deduct 75 hours from the number of associate hours requested; reduce the hourly rate sought for partners to $275 and for associates to $175; and decline to apply

---

[4] The Multnomah County Circuit Court entered judgment upon the arbitration award on October 29, 2003.

a multiplier to the amount of attorney fees requested; thereby reducing MW Builders' request for attorney fees in the amount of $395,730 (not including a multiplier) to $298,197.5. The court should grant MW Builders' motion in all other respects.

DATED this  14  day of February 2006

  /s/Donald C. Ashmanskas  
DONALD C. ASHMANSKAS  
United States Magistrate Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 1, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.