UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MW BUILDERS, INC. a Missouri
Corporation; and GREAT AMERICAN
ALLIANCE INSURANCE COMPANY,
an Ohio Corporation,

        Plaintiffs,

  v.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington Corporation; et al.,

        Defendants.

Civil No. CV 02-1578-AS

ORDER

Magistrate Judge Ashmanskas issued a Findings and Recommendation [188] recommending that plaintiff MW Builders, Inc. (plaintiff) recover attorney fees in the amount of $298,197.50. Defendants (Safeco) filed objections, and the disputed Findings and Recommendation was referred to this court for review.

When a party objects to any portion of the Magistrate's Findings and Recommendation, a district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp v Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Page - 1    ORDER

Defendants filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the Record of the case. The objections are denied, and the Findings and Recommendation is adopted in part, as modified.

ANALYSIS

The Findings and Recommendation reviewed the relevant facts thoroughly and these need not be recited. The primary issue for review is whether plaintiff is entitled to attorney fees pursuant to ORS 742.061, and if so, the proper amount of a fee award. This court adopts the analysis provided within the Findings and Recommendation, and its conclusion that plaintiff is entitled to recover attorney fees. However, this court amends the recommended amount of the award.

The court agrees that $275 per hour for a partner is a reasonable rate. The court also agrees that $175 per hour is a reasonable rate for associates.[1] There are no objections to the staff hourly rate ($50 per hour), nor the paralegal hourly rate ($125 per hour).

Page four of the Affidavit of James P. Murphy (the Murphy Affidavit) in Support of Motion for Attorney Fees provides a summary of the time spent by each member of the firm. The correct number of partner hours worked is 796.9. This court adopts the reasoning and calculations provided within the Findings and Recommendation that from this total, 68.1 hours should be deducted in light of the speculative nature of the fee request. Findings and Recommendation at 8-9. As noted above, the court also adopts the recommended reduction of

---

[1]This is the amount stated in the conclusion of the Findings and Recommendation, and this rate is adopted. The court acknowledges that within the text of the analysis, there is a reference to a rate of $150.

Page - 2   ORDER

75 hours in partner hours as a result of excessive, duplicative hours spent on claims against Rex and Company. Accordingly the correct number of partner hours is 653.8 hours. When multiplied by the hourly partner rate of $275, the award for partner hours is $179,795.00.

Similarly, this court accepts the correct number of associate hours worked as 648. This court adopts the reasoning and calculations provided within the Findings and Recommendation that from this total, 41.1 hours should be deducted in light of the speculative nature of the fee request. Findings and Recommendation at 8-9. As noted above, the court also adopts the recommended reduction of 75 hours in associate hours as a result of excessive, duplicative hours spent on claims against Rex and Company. Accordingly the correct number of associate hours is 531.9 hours. When multiplied by the hourly associate rate of $175, the award for associate hours is $93,082.50.

This court also concludes that the calculated staff time (15.4 hours worked at $50 per hour, for an award of $770) and the calculated paralegal time (46.5 hours worked at $125 per hour which equals $5,812.50) are both correct.

Furthermore, plaintiff is entitled to costs in the amount of $7,158.43. This sum appears on page 67 to Exhibit 1 of the Murphy affidavit. The Findings and Recommendation referenced the sum of $7,312.64, but omitted specifying this award in its conclusion. *See* Findings and Recommendation at 2, 16-17.

Finally, this court adopts the Findings and Recommendation's conclusions that pre-Judgment interest should be calculated from the date of the State Court Judgment (October 29, 2003) at 9 percent per annum. Due to unavoidable circumstances, the analysis and adoption of the Findings and Recommendation regarding this award has been delayed. Accordingly, this

court orders that pre-Judgment interest must be calculated as terminating upon May 13, 2006, which is sixty days from the date the Findings and Recommendation was taken under advisement. Post-Judgment interest shall be calculated as accruing as of the date this Order is issued, until the Judgment is paid, at 5.17 percent.

CONCLUSION

For the reasons provided in the Findings and Recommendation, defendants' objections [189] are OVERRULED, and the Findings and Recommendation [188] is ADOPTED AS FOLLOWS:  Plaintiff MW Builders, Inc., is entitled to attorney fees in the amount of $279,460 and costs in the amount of $7,158.43; pre-Judgment interest shall accrue on these amounts at 9 percent per annum from the date of the State Court Judgment until May 13, 2006. Post-Judgment interest shall be calculated as accruing as of the date this Order is issued, until the Judgment is paid, at 5.17 percent.

IT IS SO ORDERED,

DATED this __31_____ day of July, 2006.
    *nunc pro tunc* May 13, 2006.


                                                      /s/Ancer L.Haggerty

                                                    Ancer L. Haggerty
                                                    United States District Judge