IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MW BUILDERS, INC., a Missouri
corporation; and GREAT AMERICAN
ALLIANCE INSURANCE COMPANY,
an Ohio corporation,

                          Plaintiffs,

         v.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington corporation;
SAFECO INSURANCE COMPANY OF
OREGON, an Oregon corporation;
AMERICAN STATES INSURANCE
COMPANY, an Indiana corporation;
ELLIOTT, POWELL, BADEN & BAKER,
INC., an Oregon corporation; REX &
COMPANY, an Oregon company;
LAWRENCE REX ESTATE, dba REX &
COMPANY (by and through its personal
representative, L.V. Rex); and LAWRENCE
REX TRUST (by and through its Trustee,
L.V. Rex),

                          Defendants.

_____

CV 02-1578-AC
FINDINGS AND RECOMMENDATION

Page 1 - FINDINGS AND RECOMMENDATION                                      [LB]

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Presently before the court is MW Builders Inc.'s ("MW Builders") Motion to Fix Appellate Attorneys' Fees on Remand Pursuant to Ninth Circuit Court of Appeals' April 18, 2008 Order Awarding Fees Under ORS 742.061. For the reasons that follow, MW Builders' motion for attorney fees should be granted, in part, and denied, in part. MW Builders should be awarded attorney fees in the amount of $109,981.25

*Background*

On July 29, 2005, this court entered judgment against SAFECO Insurance Company of American ("SAFECO") in the amount of $905,544.30, following a determination that the commercial general liability policies SAFECO issued to Portland Plastering obligated SAFECO to reimburse MW Builders pursuant to an arbitration award against Portland Plastering. *See MW Builders, Inc., et al. v. SAFECO Ins. Co. of America, et al.*, CV No. 02-1578-AC (D. Or. May 18, 2005) (J. Haggerty's Order). SAFECO filed an appeal with the Ninth Circuit challenging both that judgment and a supplemental judgment issued by this court awarding MW Builders $448,416.95 for attorneys' fees, costs, and interest. *See MW Builders Inc., et al. v. SAFECO Ins. Co. of America, et al.*, CV No. 02-1578-AC (D. Or. August 16, 2006) (Supplemental Money Judgment).

On February 15, 2008, the Ninth Circuit issued a Memorandum Opinion affirming, in part, and reversing, in part, the prior decisions by this court. *See MW Builders, Inc., et al. v. SAFECO Ins. Co. of America, et al.*, 267 Fed. Appx. 552 (9th Cir. 2008). Two months later, on April 18, 2008, the Ninth Circuit granted MW Builders' request for an award of attorneys' fees incurred on appeal pursuant to OR. REV. STAT. § 742.061, and referred the matter to the District Court for a

determination of "what constitutes a 'reasonable' amount of an award under section 742.061." *MW Builders, Inc., et al., v. SAFECO Ins. Co. of Am., et al.*, No. 05-35841 (9th Cir. April 18, 2008) (Order). Pursuant to the Ninth Circuit's decision that MW Builders was entitled to an award of attorney fees incurred on appeal, it now requests an award of attorney fees in the amount of $130,035.50.

Legal Standard

State law governs the award of attorney's fees in a diversity action. *Kabatoff v. SAFECO Ins. Co. of America*, 627 F.2d 207, 210 (9th Cir. 1980). Under Oregon law, a party may recover attorneys' fees "reasonably incurred in the pursuit of (1) successful claims (2) for which fee recovery is authorized." *Clausen v. M/V New Carissa*, 171 F. Supp. 2d 1138, 1142 (D. Or. 2001).

An award of attorney fees pursuant to OR. REV. STAT. § 742.061 has been authorized here. This court, sitting in diversity, will apply Oregon law to determine the amount of attorney fees that should be awarded. *See, e.g., Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state.").

Under Oregon law, a court determining reasonable fees under section 742.061 must "attempt to ascertain the reasonable value of such services, based not only upon the amount of time required, but also such additional factors as the novelty and difficulty of the question involved, the amount involved and the result obtained, among other factors." *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or. 449, 455-56, 502 P.2d 1378 (1972); see also OR. REV. STAT. § 20.075 (factors for the court). The district court possess "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir. 1999).

*Discussion*

By its motion, MW Builders seeks an order approving, as reasonable, the hourly rates of $325 for partners, $250 and $210, respectively, for two associates; and a finding that the 427.1 hours spent by MW Builder's counsel was reasonable and necessarily incurred both in defense of this action on appeal and a seeking attorney fees for the appellate work, for a total fee request of $130,035.50. Specifically, MW Builders' total fee request is apportioned as follows: $55,285 for defense of Court of Appeals No. 05-35841; $45,289.50 for defense of Court of Appeals No. 06-35832; $18,813.50 to prepare its fee request to the Ninth Circuit; and $10,647.50 for its fee request before this court.

MW Builders arrived at the $130,035.50 figure by multiplying the total hours expended on its defense by the respective hourly rates. MW Builders submitted a request for the following hours and rates:

| Attorney/Experience | Hours | | Rate/Hour | Total |
|---|---|---|---|---|
| Lory R. Lybeck/25 | 5.30 | x | $325 | $   1,722.50 |
| James P. Murphy/20 | 322.60 | x | $325 | $104,845.00 |
| Brian C. Armstrong/7 | 65.90 | x | $250 | $ 16,475.00 |
| Benjamin R. Justus/5 | 33.30 | x | $210 | $  6,993.00 |

SAFECO maintains that the fees sought by MW Builders are excessive and unsupported by appropriate evidence. It challenges both the number of hours expended and the hourly rates requested. Specifically, SAFECO contends that MW Builders is "entitled to an award of no more that 185 hours of attorney time at the rates previously set by this court, adjusted for inflation." (Def's. Resp. Fix Appellate Att'ys Fees 2.)

I.    Hours Expended

MW Builders' fee petition seeks the court's approval for 427.1 hours of work undertaken by four lawyers. SAFECO challenges the hours expended on the grounds that: (1) the billing entries are not sufficiently detailed to determine the reasonableness of the time expended; (2) some billing entries are for services that were subject to a prior fee award; (3) there was duplication of effort; (4) there was unnecessary time expended; and  (5) an excessive amount of time was expended by counsel. Accordingly, SAFECO maintains that hours must be excluded from MW Builders' fee request.

A.  Vague Billing Entries

SAFECO challenges 34.6 of MW Builders' hours as "not sufficiently detailed to determine if the task performed was necessary for the appeals, or reasonably billed." (Def.'s Resp. Fix Appellate Att'ys Fees 2-3.) According to SAFECO, billing entries with only general terms such as "conference," "draft," "work," and "assemble" do not provide sufficient detail to determine whether the time expended was reasonable. In support, SAFECO's counsel Todd Baran, color-coded MW Builders' billing entries for fees that were not reasonably and necessarily incurred in connection with the Ninth Circuit appeal. (Todd Baran Decl. Ex. J (color coded version of MW Builders' fee invoice), August 7, 2008.) Conversely, MW Builders maintains that the time sheets contain detailed explanations of the actual tasks performed, which provides adequate information for the court to award attorney fees.

As the fee applicant, MW Builders "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1405. Having carefully reviewed the parties' arguments on this question and the submitted

time sheets, the court finds that some of the memo entries describing the work are too generalized to provide any real information as to what work the attorney performed. Several of the disputed entries are described as "conference with," "email client" or "letter to" with no description of the subject. As this court determined previously, this is "precisely the type of vague description that this court has warned attorneys 'makes it nearly impossible to assess the reasonableness of the requested time.'" *Atlantic Recording v. Andersen*, No. 05-933-AC, 2008 WL 2536834, at *9 (D. Or. June 24, 2008) (quoting Message From The Court Regarding Attorney Fee Petitions, available at http://www.ord.uscourts.gov/attorney_fee_statement.pdf, at 1-2 (last visited March 11, 2009)).

Moreover, some of the challenged entries such as "draft brief" or "work on appellate brief" are impermissibly vague because it is impossible for the court to accurately access the reasonableness of the work based on such a generic description. Attorneys seeking fees are required to provide a short but detailed description of the work performed. *See, e.g., Tyson v. Oregon Anesthesiology Group, P.C.*, No. 03-1192-HA, 2008 WL 4899166, at *3 (D. Or. Nov. 10, 2008) (upholding hours claims upon finding that counsel submitted thorough and detailed descriptions of tasks completed); *California State Foster Parent Ass'n v. Wagner*, No. 07-5086 WHA, 2009 WL 302303, *1 (N.D. Cal. Feb. 6, 2009) (ordering prevailing party to submit "detailed description of the work").

Finally, on page 28 of Exhibit J, there appear to be identical entries, bearing the same billing record number – 172945 – description and time spent. (Baran Decl. Ex. J at 28.) The court will exclude one of the identical entries.

Alternatively, some of the challenged entries are appropriate and reasonable, and provide both the required specificity of task and preciseness of time spent on that task. In sum, after a careful review of Exhibit J to the Baran declaration (a color-coded copy of Lybeck and Murphy's computer

time record for "Ninth Circuit Appeals"), the court has identified 25.8 requested hours that are too vague and fail to provide sufficient information upon which the court can evaluate the Rule 54 factors. *See* Fed. R. Civ. P. 54. Accordingly, those hours should be deducted from the total hours MW Builders requests in fees on the ground that those hours are not sufficiently documented to determine whether they were necessary and reasonable.

MW Builders' billing entries that should be disallowed as vague are:

| 8/22/2005 | LL | Conference with Murphy. | 0.6 |
| 11/1/2005 | JM | Draft letter to client. | 0.7 |
| 4/10/2006 | JM | Draft brief. | 3.7 |
| 4/22/2006 | JM | Work on appellate brief. | 8.9 |
| 4/24/2006 | JM | Telephone conference with client. | 0.5 |
| 5/1/2006 | JM | Work on appellate brief. | 4.8 |
| 5/8/2006 | JM | Continue work on appellate brief. | 5.3 |
| 10/9/2006 | JM | Second Appeal - Email to client. | 0.3 |
| 12/6/2007 | JM | Second Appeal - Receive notice from clerk. | 0.2 |
| 2/19/2008 | JM | Second Appeal - Telephone conference with client. | 0.4 |
| 2/22/2008 | BJ | Second Appeal - Continue analysis of legal requirement and strategy for handling request for attorney's fees on appeal. | 0.4[1] |

B. Unrelated Time

SAFECO challenges 8.1 hours of MW Builders' hours as unrecoverable because they are for services unrelated to the appeals. SAFECO explains that some of the requested hours are for tasks that were subject to a prior fee petition and award, while others are "errant" entries and should have

---

[1] This entry, while disallowed as duplicative, was included with the entries disallowed due to vagueness simply because SAFECO challenged that entry as vague.

been billed to other matters. (Def.'s Resp. Fix Appellate Att'ys Fees 3.) MW Builders concedes that one entry, the August 12, 2005, entry by Murphy for 0.7 hours, was previously submitted to the court and inadvertently included here. Nevertheless, MW Builders insists that the remaining time challenged by SAFECO as unrelated is appropriate and should be recovered under section 742.061.

The court finds that 4.6 hours should be excluded as unrelated to the Ninth Circuit's award for attorneys' fees incurred on appeal. In addition to the entry referenced above that was inadvertently included by MW Builders in this petition, the court also will exclude the entry for reviewing the Judgment from the District Court; the entry for receipt of electronic notices from this court regarding SAFECO's opposition to the attorney fee petition filed by MW Builders to recover for the work done in the District Court; and the entry for opposing SAFECO's objections to the Findings and Recommendation. Those entries are for work done in the district court, not on appeal. MW Builders sought and was awarded fees and costs for its work performed before the trial court. See *MW Builders, Inc., et al. v. SAFECO, et al.*, CV No. 02-1578-AC (D. Or. July 31, 2006) (Order).

MW Builders' billing entries that should be disallowed for unrelated time are:

| | | | |
|---|---|---|---|
| 7/29/2005 | JM | Receive and review signed judgment of court against defendants SAFECO. | 0.1 |
| 8/12/2005 | JM | Telephone conference with expert on submitting affidavit regarding reasonable attorneys' fees. | 0.7 |
| 11/29/2005 | JM | Receive electronic notices from court re briefing and supporting materials filed by SAFECO in opposition to fee requests. | 0.4 |
| 3/6/2006 | JM | Begin draft of brief in opposition to SAFECO's objections to Findings and Recommendations. | 3.4 |

C. Redundant Time

SAFECO challenges 53.8 hours of MW Builders' hours as duplicative of services described elsewhere in the invoice. According to SAFECO "[t]he preparation of an appeal brief is generally

Page 8 - FINDINGS AND RECOMMENDATION                                        [LB]

a solitary pursuit[]" and "[b]ecause a lead appellate attorney will ultimately perform all of the tasks required to maintain a unified vision and voice, research and drafting work performed by more than one attorney is usually inefficient, duplicated, and wasted." (Def.'s Resp. Fix Appellate Att'ys Fees 3-4.)  Additionally, SAFECO contends many of the requested hours are redundant of work previously performed by these attorneys in other fee petitions.

Counsel for the prevailing party must make a good faith effort to exclude duplicative hours from a fee request. *National Warranty Insurance Company, RRG v. Greenfield*, No. 97-1654-ST, 2001 WL 34045734, *4 (D. Or. Feb. 8, 2001).  The court has a similar obligation to exclude hours that are "excessive, redundant, or otherwise unnecessary" in calculating the number of hours reasonably expended. *Hensley,* 461 U.S. at 434; *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000).  District courts may reduce attorneys' fees if the court finds that they are duplicative or unreasonable. *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001).

The court finds that 4.1 hours should be excluded from MW Builders' requested hours.  The two entries, totaling 1.7 hours expended, by Lybeck and Murphy to review and evaluate a one-page notice of appeal, (Baran Decl. Ex. J at 2), is excessive and redundant.  Additionally, one of the entries references a phone conference with SAFECO's counsel.  In his declaration, Baran asserts that he has no record of that call which, under Baran's billing practices, indicates the conversation lasted less than three minutes.  (Baran Decl. ¶ 12, Ex. J at 2.)  Accordingly, the court will reduce those requested hours by 50%.

Next, the court will strike as redundant an entry by Lybeck for .5 hours to participate with the Ninth Circuit mediator.  The invoice reflects that Murphy participated in and billed for that same

conference. (Baran Decl. ¶ 19, Ex. J at 12.). The court finds that it was unnecessary for two partners to attend a half-hour conference.

MW Builders' invoice also includes 5.5 hours to draft a supplemental authorities' letter. (Baran Decl. ¶ 25, Ex. J at 22-23.) While it was appropriate for MW Builders to identify and analyze subsequent legal authority, it appears redundant for its attorneys to revisit existing case law. MW Builders offers no explanation for why 5.5 hours of attorney time for a supplemental authority letter is warranted. While there may be instances in which a request for 5.5 hours to review again case law and draft a letter is reasonable, it is not the court's obligation to justify or attempt to discern why those hours were necessarily and reasonably incurred in this case. Accordingly, the court will reduce those requested hours by 50%.

MW Builders' billing entries that should be modified as redundant are:

| | | | Billed | | Allowed |
|---|---|---|---|---|---|
| 8/8/2005 | LL | Receive notice of appeal, supercedes bond; telephone conference with Baran. | 1.2 | -50% | 0.6 |
| 8/8/2005 | JM | Receive and analyze appellate pleadings filed by SAFECO. | 0.5 | -50% | 0.25 |
| 11/1/2006 | LL | Second Appeal - Prepare for and conduct conference with Ninth Circuit Mediator. | 0.5 | stricken | 0.0 |
| 11/13/2007 | JM | Second Appeal - Legal research of cases cited by SAFECO in appellate briefing and shepardize for use in supplemental authorities letter. | 2.3 | -50% | 1.15 |
| 11/14/2007 | BA | Second Appeal - Analyze issues related to disposition without oral argument and possible need for supplemental briefing to address appellant's reply briefs; key case developments. | 0.4 | -50% | 0.2 |
| 11/15/2007 | JM | Second Appeal - Legal research of cases cited in all appellate briefs (filed over a year ago) and locate additional cases on insurance issues raised in appeal to determine whether to include additional authority. | 1.5 | -50% | .75 |

| | | | | | |
|---|---|---|---|---|---|
| 11/15/2007 | BA | Second Appeal - Review rules and research availability of supplemental briefing when case set without oral argument. conference with Ninth Circuit Mediator. | 0.3 | -50% | 0.15 |
| 11/15/2007 | BA | Second Appeal - Editing supplemental authorities letter. | 0.3 | -50% | 0.15 |
| 11/15/2007 | BA | Second Appeal - Work on supplemental citation of authorities issues for submission to court. | 0.4 | -50% | 0.20 |
| 11/15/2007 | BA | Second Appeal - Analysis of additional authorities on coverage issues - tort versus contract issues. | 0.3 | -50% | 0.15 |

Finally, SAFECO challenges the 37.1 hours requested by MW Builders for preparation of

its fee petition on remand. SAFECO explains that attorneys for MW Builders recently presented a

similar request and supporting documents, *see Atlantic Recording,* 2008 WL 2536834, and argues

it was redundant and unnecessary for counsel to expend 37.1 hours to modify that fee petition for

this case.

It is well-settled that a prevailing party may recover attorney fees incurred in preparing and

litigating its fee petition. *Nichols v. Frank,* No. 89-635-FR, 1992 WL 16352, *4 (D. Or. Jan. 17,

1992) (citing *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir. 1986)). SAFECO neither

questions this principle, nor offers any authority for the proposition that the hours expended on

seeking attorney fees must be reduced simply because these attorneys previously sought fees for

other work in this court.

The 37.1 hours expended to achieve an award of fees is not unreasonable. Moreover, MW

Builders adequately documented the effort with billing records, declarations, and other evidence in

the record. Other than a bald claim of excessiveness, SAFECO raises no other challenge to the fees

requested for reimbursement. Indeed, SAFECO does not challenge any particular entry as non-

compensable; rather, its challenge is generalized. Though it is MW Builders' burden to show that

Page 11 - FINDINGS AND RECOMMENDATION                                         [LB]

the requested fees are reasonable and necessary, a documented request for fees may not be defeated simply by a claim of excessiveness. Accordingly, SAFECO's request to reduce by the 37.1 hours spent pursuing an award of fees in this matter should be denied.

D. Unnecessary Time

SAFECO challenges 61.9 hours of MW Builders' hours as unnecessary to MW Builders' appeals before the Ninth Circuit. Specifically, SAFECO argues that the unnecessary time entries relate to the preparation of a fee request that was never presented to the Ninth Circuit, travel to obtain records from a court file, and "idiosyncratic client reporting requirements." (Def.'s Resp. Fix Appellate Att'ys Fees 5.) In its reply brief, MW Builders opposes only SAFECO's challenge to the time spent on client reporting requirements. Counsel for MW Builders maintain they had a fiduciary requirement to report regularly to their client and, in any event, such time expended was both reasonable and necessary. MW Builders does not respond to SAFECO's challenge to its request for hours expended on a fee request pursuant to 28 U.S.C. § 1912, that was never filed with the Ninth Circuit. Nor does MW Builders respond to SAFECO's assertion that the attorneys are not entitled to hours expended on a request for leave to file a late brief.

SAFECO's request to strike as unnecessary time billed for communication between MW Builders and its attorneys should be denied. Attorneys are required to keep their clients appraised of all developments in the litigation and to consult with them regularly about a myriad of issues related to the litigation. Additionally, it is not this court's role to manage the pace or timing of such attorney-client communications by disallowing properly documented hours as unnecessary.

Turning to the other challenges by SAFECO, the court finds that 31.6 hours should be excluded as unnecessary. First, the 4.4 hours billed by Murphy, a senior partner, to travel to the

District Court of Oregon and copy documents for the appellate record is not reasonable and should be disallowed. MW Builders provides no justification, or even an explanation, for why a senior partner, billing at $325 per hour, was required to drive to Portland and pull documents from the court record. The District Court docket sheet for this case reveals that pleadings were exchanged between the parties. Further, even if the attorneys for MW Builders failed to retain copies of documents filed in this matter, it was unnecessary for an attorney, rather than administrative personnel, to expend time recovering missing documents.

The court should also exclude 10.5 hours of time (6 hours by associate attorney Justus and 4.5 hours by partner attorney Murphy) used to prepare for oral argument on appeal. As SAFECO points out, the Ninth Circuit ordered this matter to be submitted on the briefs, without oral argument. MW Builders does not offer any explanation for its decision to prepare for oral argument in advance of it being granted or why it should receive attorney fees for this time even though no oral argument occurred.

Next, the court should exclude 12.8 hours billed for work related to a motion for leave to file a late brief. MW Builders neither submitted evidence to show SAFECO was responsible for MW Builders' default in the Ninth Circuit, nor responded to Baran's statement in his declaration that the late brief was not the fault of SAFECO. Indeed, SAFECO's undisputed allegation is that the briefing schedule was set by a scheduling order, and MW Builders simply missed the deadline. (Baran Decl. ¶24.) As such, the costs incurred in seeking relief from that mistake rests solely with MW Builders.

Finally, the court should exclude 3.9 hours billed for work to research and prepare a request for fees pursuant to 28 U.S.C. § 1912, which authorizes fees for a frivolous appeal. While MW Builders is not required to prevail on every issue on appeal to obtain attorneys' fees, the work must

be associated with the relief requested and be reasonably necessary to achieve the results obtained.

MW Builders' never filed a section 1912 motion on appeal and, therefore, the court finds it

unreasonable to pass on the cost for that work to SAFECO.

In sum, MW Builders' billing entries that should be disallowed as unnecessary are:

| | | | |
|---|---|---|---|
| 4/13/2006 | JM | Travel to and review U.S. District Court file select for copying documents to included in appellate record. | 4.4 |
| 12/11/2006 | BJ | Second Appeal - Legal research in preparation for oral argument:  interpretation of ongoing operations language in additional insured endorsement; existence of requisite causation element. | 2.9 |
| 12/12/2006 | BJ | Second Appeal - Further research in preparation for or[al] argument; interpretation of ongoing operations language in additional insured endorsement; existence of requisite causation element. | 3.1 |
| 8/7/2007 | JM | Appeal (second) - draft motion for leave to file brief with 9th Circuit. | 2.1 |
| 8/7/2007 | BA | Appeals - drafting and editing motion on filing of appellee's brief; exhibits and cover sheets. | 1.1 |
| 8/7/2007 | BA | Appeal (second) - analyze FRAPs regarding certificates of service and rules on timing for use in motion requested by court. | 0.5 |
| 8/7/2007 | BA | Appeal (second) - analyze issues related to call from Ninth Circuit regarding filing of attorneys' fees appellate response brief and inquiries. | 0.3 |
| 8/8/2007 | JM | Appeal (second) - letter to client regarding request of 9th Circuit for motion for leave to file brief one day late. | 0.3 |
| 8/8/2007 | JM | Appeal (second) - edit and revise motion for leave to filed brief (late because of SAFECO's failure to deliver brief.) | 1.3 |
| 8/8/2007 | BA | Appeal (second)  - edit and finalize draft of motion on filing of brief. | 0.2 |

| 8/15/2007 | JM | Appeal (second) - receive and analyze brief of appellant in opposition to motion for leave to file brief one day late. | 0.8 |
|---|---|---|---|
| 8/15/2007 | JM | Appeal (second) - legal research of appellate court rules regarding issues raised in appellants' opposition to motion for leave. | 1.2 |
| 8/15/2007 | JM | Appeal (second) - draft reply brief in support of motion for leave. | 2.3 |
| 8/15/2007 | JM | Second Appeal - Telephone call to counsel for SAFECO. | 0.1 |
| 8/15/2007 | BA | Appeal (second) - review and analyze Baran's response to motion on briefing schedule, check his sites and note arguments for reply brief. | 0.3 |
| 8/16/2007 | JM | Appeal (second) - draft, edit and revise reply brief in support of motion for leave. | 2.3 |
| 11/1/2007 | JM | Second Appeal - Prepare oral argument outline and list of additional research to conduct in preparation. | 1.1 |
| 11/1/2007 | JM | Second Appeal - Assemble briefs and trial court record and analyze cases to shepardize in advance of oral argument. | 3.4 |
| 11/15/2007 | BJ | Second Appeal - Legal research regarding cases interpreting FRAP 39, 9th Cir. R 39-1; standard for award of attorney's fees and costs of appeal; standard for frivolous appeal; 28 U.S.C. § 1912 statutory costs for delay upon affirmance; FRAP 27. | 2.3[2] |
| 11/16/2007 | BJ | Second Appeal - further analysis of viability of [2]8 U.S.C. § 1912 in support of request for fees and costs. | 0.3 |
| 11/19/2007 | BJ | Second Appeal - further legal research regarding 28 U.S.C. § 1912 award of double costs and attorneys fees upon affirmance; standard for award. | 0.7 |

---

[2]While some of the work included in this billing entry was likely permissible, the court will exclude the entire amount because of block billing. MW Builders' failure to segregate time for individual tasks makes it impossible for the court to determine what amount of time was expended on reasonable work versus work on the section 1912 motion. This court has been clear that it will not award fees for block-billed time entries. *See* Message From The Court Regarding Attorney Fee Petitions, available at http://www.ord.uscourts.gov/ attorney_fee_statement.pdf, at 1-2.

Page 15 - FINDINGS AND RECOMMENDATION                                        [LB]

| 11/30/2007 | BJ | Second Appeal - further legal research regarding 28 U.S.C. § 1912 as further basis for attorneys fees on appeal; requirement of frivolous or meritless appeal. | 0.6 |
|---|---|---|---|

## E. Excessive Time

SAFECO challenges 72.9 hours of MW Builders' hours as excessive.  SAFECO contends

that Lybeck and Murphy represent themselves as experienced insurance coverage/appellate attorneys

and, as such, their expertise should provide certain efficiencies when completing work.  According

to SAFECO, there are a number of billing entries that attorneys with the same level of experience

"can, and routinely, do, perform in a fraction of the time that [MW Builders'] counsel logged for

these events." (Def.'s Resp. Fix Appellate Att'ys Fees 6.)  Consequently, SAFECO requests that the

court reduce by 80% the entries highlighted to represent excessive time.  (Baran Decl. Ex. J (red

highlights).)  SAFECO arrives at its 80% reduction request based on the "five-to-one ratio between

the hours expended by plaintiffs' counsel and the hours expended by SAFECO's counsel for

comparable tasks." (Def's. Resp. Fix Appellate Att'ys Fees 6.)  SAFECO asserts that in contrast to

MW Builders 149.8 hours of time expended on the second appeal before the Ninth Circuit (No. 06-

35832), it expended only 28.5 hours on that appeal.

The court declines to grant a blanket 80% reduction in the fees challenged by SAFECO as

excessive. *See Dockins v. State Farm Ins. Co*, 330 Or. 1, 7-8, 997 P.2d 859 (2000) (Oregon Supreme

Court rejects proportionality argument).  No reduction in the hours sought by MW Builders for

reasons of excessiveness is appropriate and SAFECO's request for such a reduction should be

denied. SAFECO cites no legal authority to support a reduction in the requested hours on the ground

that its attorney may have been able to perform a particular task more quickly.  Rather, the standard

before the court is whether the hours requested are reasonable and supported by the record.  After

[LB]

careful review of MW Builders' fee petition, and Baran's declaration in opposition to that the petition, the court finds that no additional reduction in hours is appropriate. Accordingly, SAFECO's request to reduce by 80% the 72.9 hours challenged as excessive should be denied.

Finally, SAFECO challenges the 69.1 hours claimed by MW Builders in preparation for its fee petition filed with the Ninth Circuit. According to SAFECO, this request is excessive "for filing a standard brief supporting a fee request and for compiling the billing records." (Def.'s Resp. Fix Appellate Att'ys Fees 9.) SAFECO maintains that a reasonable amount of time for this work would have been 25 hours. Similarly, SAFECO charges that no more than ten hours, as opposed to the 37.1 hours billed by MW Builders, should have been expended to prepare the present fee petition.

Turning first to SAFECO's request that the court reduce the hours billed to prepare the present fee petition from 37.1 hours to 10 hours, the court determined above (section I.C.) that the fees were reasonable. Similarly, the 69.1 hours claimed by MW Builders for time spent preparing the Ninth Circuit fee petition are also reasonable. Once again, MW Builders adequately documented its effort with billing records, declarations, and other evidence in the record. SAFECO's unsupported claim of excessiveness is inadequate to defeat the fees requested for reimbursement.

II.    Hourly Rate

As set forth above, MW Builders seeks hourly rates of $325 for partners Lybeck and Murphy, $250 for associate Armstrong, and $210 for associate Justus. SAFECO challenges the requested hourly rates and argues that a determination by this court in 2006 that partners should be compensated at the rate of $275 per hour, and associates at $150 per hour, is the law of the case. *See MW Builders et al.*, CV 02-1578-AC (Order dated July 31, 2006). As such, SAFECO argues

MW Builders is precluded from seeking higher rates, unless justified by inflation, and such an adjustment would yield an hourly rate of $304 per hour for partners and $166 per hour for associates.

The law of the case doctrine creates a presumption against a court's reexamining its own rulings in the course of a litigation and provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted); *see also U.S. v. Miller,* 822 F.2d 828, 832 (9th Cir. 1987) ("The rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal."). SAFECO offers no legal authority in support of its contention that the attorneys' hourly rates are frozen in time under the law of the case doctrine.

The court finds that the law of the case doctrine is not applicable here. Simply put, the court is not revisiting its earlier ruling awarding MW Builders an hourly rated grounded in the prevailing rate in the community at that time, 2006. Rather, the court is determining the prevailing rate in the community as this point in time, three years later. Although the court is bound to preform the same legal analysis, it is not required to reach the same result. Indeed, the very nature of the inquiry – prevailing rate in the community at a point in time – is fluid and cannot be rendered static by the law of the case doctrine. Both the passage of time and a change of circumstances likely will alter the outcome of its analysis. Further, with respect to the hourly rate awarded by this court in 2006, the court did not hold that MW Builders' counsel may never receive more than $275/$150 per hour for its services. Rather, the court awarded fees at that hourly rate because it was a reasonable rate for the services performed at that time.

SAFECO makes no other challenges to the hourly rates requested by MW Builders' counsel and the court finds the requested rates to be reasonable. The law is well-established that the reasonable rate for legal services is to "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). A reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *See Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) (district court abused its discretion in ERISA case when it awarded attorneys' fees at a rate of $250.00/hour, even though the only evidence in the record indicated that attorneys in relevant legal market charged $375.00-$400.00/hour for similar work). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of the [prevailing] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The best evidence of the prevailing rate in Portland, Oregon, is the 2007 Economic Survey ("Economic Survey") conducted by the Oregon State Bar. *See, e.g., Roberts v. Interstate Distributor Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (referencing 2002 Economic Survey); <u>see also</u> Message from the Court Regarding Attorney Fee Petitions, available at: http://

Page 19 - FINDINGS AND RECOMMENDATION                                          [LB]

www.ord.uscourts.gov, at 2 (same).[3]  As Chief Judge Haggerty recently stated, the Oregon State

Bar's 2007 Economic Survey "is a bellwether for the market price of attorney services in Portland,

and the court affords it significant weight in at least establishing a starting point for reasonable

rates." *McElmurry v. U.S. Bank Nat'l. Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D. Or.

April 30, 2008).

The pertinent hourly wage data for attorneys based on years of practice in relevant

community set forth in the Economic Survey are summarized below:

| Years | Average | 25th Percentile | 75th Percentile | 95th Percentile |
|-------|---------|-----------------|-----------------|-----------------|
| 0-3   | $177    | $162            | $190            | $216            |
| 4-6   | $188    | $170            | $210            | $240            |
| 7-9   | $239    | $200            | $275            | $360            |
| 16-20 | $267    | $200            | $325            | $387            |
| 21-30 | $277    | $225            | $325            | $399            |

The court finds that the Economic Survey's 75th percentile hourly rate is an appropriate

standard with which to measure MW Builders' attorney fee request.  In support of its hourly rate

request, MW Builders submitted an affidavit from Murphy, which set forth a detailed account of the

years of experience and the areas of expertise for each attorney. (Murphy Aff. ¶¶ 10-13.)  Murphy

and Lybeck seek the hourly rate of $325, which falls at the 75th percentile for their years of

experience, and is reasonable based on their experience with insurance coverage and construction

---

[3] Based on the billing records submitted – July 2005 thru May 2008 – the court
determines that the 2007 Economic Survey is the appropriate benchmark here.

defect work.[4] *See, e.g., McElmurry*, 2008 WL 1925119, at *3 ("[e]xperienced senior attorneys who are specialists in [their field] will receive an hourly rate at the 75th percentile for their level.") Additionally, the $250 hourly rate sought for Armstrong is appropriate. With seven years of experience, this rate of compensation falls below the 75th percentile for lawyers having comparable experience, and is reasonable based on the worked performed in the course of this litigation and his appellate experience. Similarly, the requested hourly rate of $210 for Justus, with over 5 years of experience, falls at the 75th percentile and, although at the high end for his years of experience, is nevertheless reasonable based on the work performed in this case. Accordingly, SAFECO's request to reduce the hourly rates sought by MW Builders' counsel should be denied.

III.   Fees Awarded

Based on the foregoing discussion regarding the number or hours reasonably expended on the litigation and the reasonable hourly rates, attorney fees should be awarded in the amount of $103,175. The court's lodestar calculations are summarized as follows:

| Name | Rate | Hours Requested | Hours Permitted | Total |
|------|------|-----------------|-----------------|-------|
| Lybeck | $325 | 5.3 | 3.6 | $ 1,170.00 |
| Murphy | $325 | 322.6 | 271.75 | $88,318.75 |
| Armstrong | $250 | 65.9 | 62.65 | $15,662.50 |
| Justus | $210 | 33.3 | 23.0 | $ 4,830.00 |

---

[4]Both subject areas also appear on the firms website as areas of law in which the firm offers services. *See* http://www.lybeckmurphy.com/seattle-legal-servies/indes.html (last visited April 1, 2009).

*Conclusion*

Based on the foregoing, MW Builders' Motion to Fix Appellate Attorneys' Fees on Remand Pursuant to Ninth Circuit Court of Appeals' April 18, 2008 Order Awarding Fees under ORS 742.061 (doc. #211) should be GRANTED, in part, and DENIED, in part as follows: MW Builders should be awarded attorney fees in the amount of $109,981.25

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **April 20, 2009**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 6th day of April 2009.

John V. Acosta
United States Magistrate Judge