UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MW BUILDERS, INC., a Missouri
corporation, GREAT AMERICAN
ALLIANCE INSURANCE
COMPANY, an Ohio corporation,

       Plaintiffs,                                    Civil No. 02-1578-AC

     v.                                            ORDER

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington corporation,
SAFECO INSURANCE COMPANY OF
OREGON, an Oregon corporation, AMERICAN
STATES INSURANCE COMPANY, an
Indiana corporation,

       Defendants.

HAGGERTY, District Judge:

       Magistrate Judge Acosta issued a Findings and Recommendation [244] recommending that plaintiff MW Builders' Renewed Motion for Summary Judgment Following Ninth Circuit Remand [232] be granted in part and denied in part, and that defendant SAFECO's Motion for Summary Judgment Pursuant to July 9, 2008 Order [228] be denied.

       Objections [245] to the Findings and Recommendation were filed by plaintiffs. The matter was then referred to this court for review.

1 -- ORDER

When a party objects to any portion of a Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiffs filed objections in a timely manner regarding the possible apportionment of the arbitration award. Defendants waived their opportunity to file a response to those objections. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendations, plaintiffs' objections, and the record of the case. For the following reasons, the objections are overruled in part and sustained in part.

## BACKGROUND

The Magistrate Judge provided a thorough recitation of the relevant facts previously, and these facts need only be summarized here. Litigation from the parties' dispute was presented to the Magistrate Judge by means of a remand from the Ninth Circuit. *See MW Builders, Inc., et al. v. Safeco Ins. Co. of Am., et al.*, 267 Fed. Appx. 552 (9th Cir. 2008).

The remand identified the following issues for further consideration:

1. Determining the portion of the $620,000 award that should be attributed to the Hotel damage claim and not to the exterior insulation and finishing system (EIFS) repair claim;

2. Determining whether plaintiff MW Builders, Inc., is entitled to coverage under the commercial general liability (CGL) policies as an "additional insured" for damages caused by Portland Plastering's "ongoing operations;"

3. Determining whether coverage is limited under the CGL policies to a single $500,000 occurrence.

Findings and Recommendation at 2 (citation omitted).

After conferring with counsel and reviewing briefing, the Magistrate Judge authorized discovery regarding the portion of the $620,000 award that should be attributed to the Hotel damage claim and the cause of damage to the Hotel. The parties were ordered to file dispositive cross-motions asserting: (1) the proper portion of the $620,000 award to be attributed to the

2 -- ORDER

Hotel damage claim; (2) whether plaintiff MW Builders is entitled to coverage under the CGL policies as an "additional insured" for damages caused by Portland Plastering's "ongoing operations;" and (3) whether coverage is limited under the CGL policies to a single $500,000 occurrence.  Findings and Recommendation at 2-3.

After oral argument on the parties' cross-motions for summary judgment, the Magistrate Judge recommended granting plaintiff MW Builder's renewed summary judgment motion in part, and denying defendant Safeco's summary judgment motion.  In so doing, the Magistrate Judge concluded that plaintiff MW Builders was entitled to recover sixty percent of the arbitration award of $620,000 (hereinafter referred to as the "Knoll award"), or $372,000.  Findings and Recommendation at 15.  The Magistrate Judge reasoned:

> While it is undisputed that the cost to repair the Hotel, excluding the EIFS removal and replacement, exceeded $620,000, the court declines to award MW Builders the full amount of Knoll's award.  MW Builders' request for the court to do so ignores the risk inherent in settlement, MW Builder's own culpability for the damages, and the Ninth Circuit's directive that this court make a determination of what portion of the [$]620,000 [award] was attributable to damages to the Hotel and not the faulty installation of the EIFS.  Despite some evidence that the EIFS could have been skim coated and patched but for water intrusion, the case law bars recovery for faulty work; in fact, the law is clear that a CGL policy is not intended to cover bad workmanship.  The limited exception for faulty workmanship that causes property damage to a third party should not be expanded in this instance to cover the inferior work by Portland Plastering.  An argument that "but, for" the extensive water intrusion caused by the faulty work the EIFS would not have needed to be replaced and, therefore, the removal and replacement of the EIFS should be covered, is circular and would ignore well established law that recovery under a CGL policy for faulty workmanship is not permitted.

Findings and Recommendation at 11.

Plaintiff MW Builders (hereinafter "plaintiff")  objects to this aspect of the Findings and Recommendation, construing it as an erroneous "*sua sponte* allocation."  Objections at 3.

## ANALYSIS

3  -- ORDER

Plaintiff contends that it established covered property damages well in excess of $620,000 and that there is no basis to presume that the arbitration award included any non-covered damages. Therefore, plaintiff contends it is entitled to the entire $620,000 arbitration award. Specifically, plaintiff contends that:

1.  The Magistrate Judge penalized plaintiff for settling a disputed claim after defendant Safeco refused to provide a defense;

2.  The Magistrate Judge erred in viewing the Knoll award as excluding a reduction for plaintiff's culpability;

3.  The Magistrate Judge erred in assuming that the Knoll award included non-covered damages;

4.  The Magistrate Judge erred in assuming that the remand required a final award to plaintiff that was less than the full amount of the Knoll award;

5.  The Magistrate Judge erred by rewarding defendant Safeco with an arbitrary allocation of covered and non-covered damages.

These objections are addressed in turn.

**Did the Findings and Recommendation properly refer to "the risk inherent in settlement?"**

Plaintiff's first objection arises from the Findings and Recommendation's observation that an award to plaintiff of the full amount of the Knoll award would "ignore[] the risk inherent in settlement." Findings and Recommendation at 11. Plaintiff construes this reference as a decision to "punish" plaintiff "for resolving claims on its own after Safeco refused to provide a defense." Objections at 4.

As plaintiff contends, settlements are favored in law. *Id*. at 3 (citation omitted). However, the reference giving rise to this objection does not disfavor settlement or "punish" plaintiff. The Findings and Recommendation examined the underlying settlement that plaintiff paid that ultimately led to the Knoll award. Findings and Recommendation at 14-15. Then the

4 -- ORDER

Magistrate Judge ascertained that "the percent amount that may be applied as covered property damage" to the Knoll award was sixty percent. Findings and Recommendation at 15.

The Findings and Recommendation referred to the settlement in the context of a general rejection of plaintiff's demand for an award of the entire Knoll award. The reasonable interpretation of the settlement reference is that the Magistrate Judge was attempting to comply with the remand's instructions to identify the costs associated with the damage to the Hotel under the CGL policies, and considered the prior calculations that were undertaken to limit the portion of the Knoll award that was attributable to property damage to sixty percent. There are no grounds for construing the Findings and Recommendation's settlement reference as punishing plaintiff for the settlement, or that the reference constitutes error that precludes adopting the Findings and Recommendation.

### Did the Findings and Recommendation properly refer to plaintiff's culpability?

Plaintiff next argues that the Findings and Recommendation erred in its "conclusion that awarding the entire arbitration amount ignores MW Builders' own culpability for the damages." Objections at 4 (inaccurate quotation remarks omitted). This objection is overruled.

As with plaintiff's first objection, this argument arises from a single sentence in the Findings and Recommendation: "MW Builders' request for the court to [award $620,000 to plaintiff] ignores the risk inherent in settlement, MW Builder's own culpability for the damages, and the Ninth Circuit's directive that this court make a determination of what portion of the [$]620,000 [award] was attributable to damages to the Hotel and not the faulty installation of the EIFS." Findings and Recommendation at 11. Plaintiff asserts that this sentence constitutes error that precludes adoption of the Findings and Recommendation because the Knoll award already "expressly accounted for" plaintiff's responsibility for Hotel damages not caused by Portland Plastering. Objections at 4.

5 -- ORDER

As plaintiff acknowledges, the Findings and Recommendation explicitly recognized that the Knoll award reflected thirty-one percent of the underlying settlement "for harm caused to the Hotel by Portland Plastering," and that plaintiff was liable for the remainder of the settlement. Findings and Recommendation at 12-13. Regardless of whether the sentence challenged by plaintiff is ambiguous, the Findings and Recommendation's explicit analysis of how the Magistrate Judge attempted to comply with the remand plainly established that the Magistrate Judge did not render a "conclusion" that linked the recommended award of $372,000 to any calculation that reflected a reduction due to plaintiff's culpability.

**Did the Findings and Recommendation mistakenly presume that the Knoll award included non-covered damages?**

Next, plaintiff argues that the Findings and Recommendation erred in presuming that the Knoll award included non-covered damages. Objections at 4. Although plaintiff fails to provide a specific citation to support its assertion that the Findings and Recommendation made this presumption, the analysis undertaken by the Magistrate Judge was "to calculate what portion of the $620,000 award is attributed to the Hotel damage claim, excluding the EIFS repair claim" and then "determine what percent of the total $2 million settlement award was covered property damage and apply that percentage amount to the $620,000 award by Knoll." Findings and Recommendation at 13. This approach was in accordance with the Magistrate Judge's interpretation of the instructions from the Ninth Circuit, which were ambiguous:

> Having found that Safeco is obligated under the CGL policies to provide coverage for the damages to the Hotel, but not for the repair of the EIFS, we next turn to the district court's award of damages. The district court awarded MW Builders $620,000 based on the arbitrator's findings that Portland Plastering was thirty-one percent liable for MW Builders' $2 million settlement with Larkspur. However, the arbitrator's findings do not partition this award into those costs associated with the damage to the Hotel and those costs associated with the replacement of the faulty EIFS. Accordingly, because only the costs associated with the damage to the Hotel are recoverable under the CGL policies, we must

6 -- ORDER

      remand this issue to the district court to make such a determination in the first instance.

*MW Builders*, 267 Fed. Appx. at 555.

      In the underlying arbitration, plaintiff faced claims for negligence, breach of contract, breach of warranty/guaranty, indemnification, and products liability arising out of damages caused by moisture and water intrusion into the Hotel. Findings and Recommendation at 13. Total damages arising from these claims were estimated at $2.3 to $2.8 million. Findings and Recommendation at 14. Almost $630,000 of that amount involved the faulty EIFS, amounts that were identified explicitly by the Ninth Circuit as not recoverable by plaintiff. *Id.*

      In light of plaintiff's offer of $2 million to fully settle claims that included a total property damages estimate totaling less than that amount ($1,829,669.30), the Magistrate Judge interpreted the Ninth Circuit's instructions as requiring a partition of the award between "those costs associated with the damage to the Hotel and those costs associated with the replacement of the faulty EIFS." *MW Builders, Inc.*, 267 Fed. Appx. at 555. The Findings and Recommendation's reference to four categories of damages that constituted the property damages estimate, and the calculations of the percentages of the total settlement amount attributable to these categories, suggests that the Magistrate Judge did not merely "presume" that non-covered damages were included in the Knoll award. Instead, the Magistrate Judge undertook a careful analysis that attempted to comply with an ambiguously worded remand.

      **Did the Findings and Recommendation properly refer to the remand's intent?**

      Relatedly, plaintiff argues that the Magistrate Judge erred in assuming that the remand required a final award to plaintiff that was less than the full amount of the Knoll award. This objection again challenges the single sentence that is the subject of plaintiff's first two objections. For the reasons provided above, this court declines to reject the Findings and

7 -- ORDER

Recommendation on the basis of one possibly ambiguous sentence in light of the remainder of the Magistrate Judge's reasoning.

However, this objection also specifically encompasses a challenge to the Findings and Recommendation's interpretation of the intent of the Ninth Circuit's remand.  As addressed immediately above, that remand is ambiguous and subject to different interpretations.

The Findings and Recommendation interpreted the remand as instructing the court to "partition" the Knoll award to determine the (recoverable) costs associated with the damage to the Hotel.  This interpretation arises from the fact that after acknowledging that "the arbitrator's findings do not partition this award into those costs associated with the damage to the Hotel and those costs associated with the replacement of the faulty EIFS," the Ninth Circuit concluded that "because only the costs associated with the damage to the Hotel are recoverable under the CGL policies, we must remand this issue to the district court to make such a determination in the first instance."  *MW Builders*, 267 Fed. Appx. at 555.

It is difficult to ascertain what the Ninth Circuit intended when it instructed this court to "make such a determination in the first instance."  *Id*.  Plaintiff offers a plausible alternative interpretation suggesting that the Ninth Circuit remanded the case "for this court to conduct a factual inquiry into the extent of the covered damages sustained by the hotel to ensure that these damages were equal to or greater than $620,000."  Objections at 6.

This court concludes that plaintiff's interpretation of the Ninth Circuit's intent is accurate and better reflects the Ninth Circuit's intent than does the Magistrate Judge's interpretation.  This conclusion is bolstered by the fact that plaintiff's interpretation is also consistent with the principles expressed in plaintiff's final objection below, which this court deems meritorious.

**Did the Findings and Recommendation err by rewarding defendant Safeco with an arbitrary allocation of covered and non-covered damages?**

8 -- ORDER

Plaintiff's final objection is that because there is no dispute that the recoverable property damages to the Hotel surpass the Knoll award of $620,000, the Findings and Recommendation's subsequent allocation of covered and non-covered damages – which resulted in a partition of that award – unfairly rewards defendant Safeco.  This court agrees.

Defendant Safeco refused to defend plaintiff and compelled plaintiff to negotiate a settlement of claims asserted against plaintiff.  Defendant Safeco subsequently retained counsel to defend Portland Plastering in the subsequent arbitration and neglected to seek an allocation of damages in the resulting Knoll award.  Allowing Safeco to now benefit from a court-generated allocation is unwarranted.

Although the question of whether the insured or the insurer should bear the burden of establishing which portions of a settlement are reasonably allocable to covered claims varies among jurisdictions, there is clear authority for concluding that under some circumstances it is appropriate that insurers shoulder that responsibility.  *See, e.g., Premier Parks, Inc., v. TIG Ins. Co.*, C.A. No. 02C-04-126, 2006 WL 2709235, *10-11 (Super. Del. September 21, 2006) (citations omitted).  The court in *Premier Parks* inquired whether it is "sufficient for an insurance company to sit back while its insured negotiates a global settlement of all claims in a large class action lawsuit, to refuse to participate in any negotiations despite repeated requests from the insured to do so, and after the fact ask the Court to allocate the damages so that the insurance company's responsibility for covered claims can be determined?"  *Id*. at 2006 WL 2709235, *10.  The court considered some authority that suggests that "the insured carries the burden to establish what portion of the settlement is reasonably allocable to covered claims," and that if the insured fails to meet this burden, the insurer is released from all liability.  *Id* (footnote omitted).  The court rejected the proposition that the insured should always bear that burden, and instead recognized that even if the burden may rest with the insured, there are exceptions that

9 -- ORDER

shift that burden to the insurer. *Id*. One exception is recognized in those cases in which the circumstances of the underlying action should have compelled the insurer to seek an allocated verdict or advise the insured of the need for one, or the insurer failed to adequately apprise the insured of the importance of apportionment. *Id*. (internal quotations and footnote omitted).

Similarly, another court reasoned that evidence of a good faith settlement of underlying litigation creates a presumption that costs are covered by the policy and the insurer then bears the burden of proving exclusion. *See PepsiCo, Inc. v. Continental Casualty Co.*, 640 F. Supp. 656, 662 (S.D.N.Y. 1986). Even a court concluding that "the better reasoned cases support the conclusion that the initial burden should be on the insured" has acknowledged that other courts have placed this burden on the insurer. *Raychem Corp. v. Federal Ins. Co.*, 853 F. Supp. 1170, 1176 (N.D. Cal. 1994) (footnote omitted).

In this case, in light of the strategies undertaken by Safeco, the circumstances plainly warrant placing the burden of apportionment of damages inherent in the Knoll award squarely upon defendant Safeco.

Notwithstanding the Magistrate Judge's efforts to interpret and comply with the ambiguous remand, such an apportionment at this point in the litigation is unavoidably and unfairly speculative and arbitrary. Because defendant Safeco cannot meet its burden to provide such an allocation, and because there is no dispute that the property damages incurred by the hotel easily exceed the Knoll award total of $620,000, plaintiff is entitled to the entire arbitration award.

**CONCLUSION**

Plaintiff's objections [245] are overruled in part and sustained in part. The Findings and Recommendation [244] is adopted in part as follows: defendant Safeco's Motion for Summary Judgment [228] is denied and plaintiff MW Builder's Renewed Motion for Summary Judgment

10  -- ORDER

[232] is granted in part in the manner stated in the Findings and Recommendation. Additionally, that motion is granted to the extent that plaintiff is entitled to the entire arbitration award of $620,000. Plaintiff is ordered to prepare the appropriate Judgment and file it for this court's consideration no later than April 24, 2009.

IT IS SO ORDERED.

Dated this  9  day of April, 2009.

                                            /s/ Ancer L. Haggerty
                                               Ancer L. Haggerty
                                          United States District Judge