UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MW BUILDERS, INC., a Missouri
corporation; and GREAT AMERICAN
ALLIANCE INSURANCE COMPANY,
an Ohio corporation,

    Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF
AMERICA, a Washington corporation;
SAFECO INSURANCE COMPANY OF
OREGON, an Oregon corporation;
AMERICAN STATES INSURANCE
COMPANY, an Indiana corporation;
ELLIOTT, POWELL, BADEN &
BAKER, an Oregon corporation; REX
& COMPANY, an Oregon company,
LAWRENCE REX ESTATE, d/b/a
REX & COMPANY (by and through its
personal representative, L.V. Rex); and
LAWRENCE REX TRUST (by and through
its trustee, L.V. Rex),

    Defendants.

Civil No. 02-1578-AC

ORDER

1 -- ORDER

HAGGERTY, District Judge:

Plaintiffs move for entry of a final judgment in this matter following an order by the Ninth Circuit Court of Appeals. Defendants Safeco Insurance of America, Safeco Insurance Company of Oregon, and American States Insurance Company (collectively "Safeco") do not dispute aspects of the plaintiff's proposed judgment as follows:

| | |
|---|---|
| Indemnity | $ 372,000.00 |
| Attorneys fees | $ 207,294.00 |
| Costs | $      837.20 |
| | $ 580,131.20 |

Safeco only objects to the amount of prejudgment interest claimed by the plaintiffs. For the following reasons, plaintiffs' Motion for Entry of Judgment [294] is granted in part and denied in part.

## DISCUSSION

The parties have been in litigation since 2002. They are aware of the factual background of this case and it need not be repeated here.

In a diversity case, the court must apply the law of the forum state for purposes of awarding prejudgment interest. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Under Oregon law, a court may award prejudgment interest only when the exact amount, and the time from which interest should run, is ascertained or easily ascertainable. *Farhang v. Kariminaser*, 217 P.3d 218, 219 (Or. Ct. App. 2009).

The parties agree that prejudgment interest is owed and that it began to run on July 15, 2003, the date of the arbitration award. *See Lundgren v. Freeman*, 307 F.2d 104, 112 (9th Cir. 1962) (holding that interest begins to accrue on the date of the arbitration award). Plaintiffs

2 -- ORDER

contend that they are owed $91.72 per day from July 15, 2003 until the date a final judgment is entered. Safeco argues that prejudgment interest ceased accruing on May 13, 2009, the date the last judgment was entered, and that plaintiffs are only entitled to prejudgment interest in the amount of $195,271.88 ($91.72 x 2,129 days).

Accordingly, this court must determine whether my judgment entered on May 13, 2009 is a final judgment for purposes of defining when prejudgment interest stops and postjudgment interest starts. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 991 (9th Cir. 2001) (holding that a final appealable judgment provides a dividing line for when prejudgment interest stops and postjudgment interest begins).

Safeco relies on *Perkins v. Standard Oil Co. of California*, 487 F.2d 672 (9th Cir. 1973), in which the court interpreted the federal postjudgment interest statute. *Id.* at 673. The court in *Perkins* determined that where a single item of the district court's judgment is reduced on appeal, "interest should run from the date of entry of the original judgment because that is the date on which the correct judgment should have been entered." *Id.* at 676.

Similarly, under Oregon law, postjudgment interest accrues during an appeal from the date of the original judgment. *Pearson v. Schmitt*, 492 P.2d 269, 270-71 (Or. 1971). If the amount of the judgment is modified on appeal, or the trial court is ordered to recalculate the award using a different method, then the original judgment remains final and postjudgment interests accrues from that judgment. *Young v. State*, 212 P.3d 1258, 1264 (Or. 2009). This rule applies when a judgment is both reduced or increased on appeal. *Lakin v. Senco Prod., Inc.*, 987 P.2d 476, 478-79 (Or. 1999). However, if the appellate court's decision constitutes a "full reversal, wiping out the original judgment," then postjudgment interest accrues upon entry of the new judgment. *Id.* (citing *Pearson*, 493 P.2d at 270).

3 -- ORDER

Here, the Ninth Circuit ordered this court to "modify" its judgment dated May 13, 2009, "to reflect an award of $372,000 in favor of [plaintiffs]." *MW Builders, Inc. v. Safeco Ins. Co. of Am.*, No. 09-35538, 2010 WL 2781573, at *1 (9th Cir. July 8, 2010). The Ninth Circuit's language establishes that its order was a modification of plaintiffs' award from my earlier judgment, and not a full reversal of the judgment. Therefore, I find that May 13, 2009 is the date judgment was entered in this matter, and that date marks when prejudgment interest ended and postjudgment interest began.

## **CONCLUSION**

For the reasons provided, plaintiffs' Motion for Entry of Judgment [294] is granted in part and denied in part. Pursuant to the parties' agreement, prejudgment interest started to accrue on the day of the arbitration award, July 15, 2003. Accordingly, plaintiff's are entitled to prejudgment interest at a rate of $91.72 per day from July 15, 2003 through May 13, 2009 (2,130 days), the date that the original judgment was entered.

IT IS SO ORDERED.

DATED this __21__ day of October, 2010.

   /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge